284 So.2d 292

**Arthur Lee ALEXANDER**

**v.**

**STATE.**

**2 Div. 115.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Randolph B. Moore, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted of second degree murder and sentenced to twelve years in the penitentiary.

The evidence adduced at trial reveals that on the night of January 10, 1970, the appellant, Arthur Lee Alexander, entered Burke Abrams' night club in Dallas County. He ordered a beer and stood drinking it at the table of a friend. Before finishing it, however, he was told that he would have to pay one dollar cover charge if he wished to remain inside. Appellant indicated that he would leave and walked outside, only to find that the car in which he was riding had been blocked.

He walked back inside and requested that the car blocking his be moved. While waiting for the car to be moved the appellant walked back to the table at which he had been standing and resumed drinking his beer.

The owner of the club, Burke Abrams, noticing that appellant had re-entered, walked toward him and told him to leave. At this point a shot was fired and Abrams fell dead upon the floor.

The appellant fled and was arrested later that night in Bessemer. On January 12, 1970, the appellant met with R. H. Head and Leo Nichols who were investigating the death of Burke Abrams. He made a statement at that time, admitting that he had shot Abrams. Officer Head recorded this statement on paper and appellant signed it.

At trial, the State confined its case in chief to testimony of people either present at the time of the killing or involved in the investigation. The State rested its case without introducing appellant's statement into evidence.

Appellant then took the stand and admitted that he had shot the deceased. Appellant also testified that he fired the pistol only in self defense and that deceased had a pistol in his hand at the time of the shooting.

The State, on cross-examination, attempted to impeach the appellant's testimony using as a basis the statement made on January 12, 1970. Appellant objected on the ground that a proper predicate had not been laid. The State thereupon elicited from the appellant the following information as a predicate for using the statement for impeachment:

(1) That the appellant did not talk to R. H. Head and Leo Nichols, January 12, 1970, concerning the killing.

(2) That he did sign a form entitled, "A waiver of counsel by defendant" at that time. The form marked as State's Exhibit "C" and appearing in the record acknowledged that appellant's constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were explained and that he fully understood them. It also stated that no threats or promises were used as inducement for appellant's making the statement.

(3) That after the "waiver of counsel" form had been signed, appellant made the statement in question. This statement was written down by officer Head and read back to appellant. The appellant signed the statement acknowledging that it was true and accurate.

(4) That appellant identified the document sought to be used by the State for impeachment, as the statement made by him January 12, 1970.

The statement was then used as a basis for questions on impeachment, but was not itself introduced into evidence. Appellant made no further objection to this procedure.

After appellant rested its case, the State in rebuttal introduced into evidence the statement itself.

Appellant objected to the admission of the statement specifically stating that it should have been introduced in the State's case in chief, i.e., that to allow it now would be improper rebuttal.

■ This objection was properly overruled by the court. It is within the trial court's sound discretion to receive, in rebuttal, testimony which more properly should have been offered as part of the case in chief. Tit. 7, § 252, Code of Alabama 1940, recompiled 1958; Blackwell v. State, 264 Ala. 553, 88 So.2d 347; Nichols v. State, 276 Ala. 209, 160 So.2d 619. The admission of the statement, in rebuttal, was not an abuse of this discretion.

Of course, the court is required to scrutinize the statement to assure that it meets

certain legal standards. The court fulfilled this duty. The statement offered in this case was voluntarily made after an explanation of constitutional rights in compliance with *Miranda*, supra.

Appellant contends, however, that the trial court committed reversible error in allowing the confession to be used as a basis for impeachment on cross-examination. He cites Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, for the proposition that the State must predicate the use of the confession by an affirmative showing of trustworthiness. More specifically, the appellant argues that the State should not be allowed to lay its predicate solely upon cross-examination of the appellant.

Suffice it to say that under the facts of this case we need not decide this question, particularly in view of convincing evidence that *Miranda* warnings were properly administered. (See attached appendix.)

The judgment in this cause is hereby

Affirmed.

All the judges concur.

## APPENDIX

## WAIVER OF COUNSEL BY DEFENDANT IN CUSTODY

I, Arthur Lee Alexander, have been informed by the undersigned law enforcement officers, prior to being questioned by them, that I am suspected of the offense of murder in Dallas County, Alabama, on the 10th day of Jan., 1970, and have been informed by them of my Rights as follows:

1. That I may remain silent and do not have to make any statement at all.

2. That any statement which I might make may be used against me in Court.

3. That I have a right to consult with an attorney before making any statement and to have such attorney present with me while I am making a statement.

4. That if I do not have enough money to employ an attorney, I have the right to have one appointed by the Court to represent me; to consult with him before making any statement; and to have him present with me while I am making a statement.

5. That if I request an attorney, no questions will be asked me until an attorney is present to represent me.

After having my Rights explained to me, I freely and voluntarily waive my right to an attorney. I am willing to make a statement to the officers. I can read and write the English language and fully understand my Rights to an attorney. I have read this Waiver of Counsel and fully understand it. No threats or promises have been made to me to induce me to sign this Waiver of Counsel and to make a statement to the officers.

This 12th day of Jan., 1970.

x Arthur Lee Alexander

All of the Rights in the above Waiver of Counsel were read and explained to the above defendant by me and he freely and voluntarily waived his right to an attorney. No threats, promises, tricks, or persuasion were employed by me or anyone in my presence to induce him to waive his rights to an attorney and to make a statement without an attorney. He freely and voluntarily signed the above Waiver of Counsel in my presence after having read it.

R. W. Head
State Investigator.
(Title)

Witnessed by:

W. Leo Nichols