299 So.2d 781

**James William RHONE**

v.

**STATE.**

**6 Div. 676.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

---

Edward S. Zanaty, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Daniel J. Thompson, Jr., Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

The indictment against the appellant-defendant contained count one, which charged the defendant with larceny of groceries from a shop, store or warehouse. The groceries were specified in the indictment, and the value separately alleged. The total of the aggregate values was $21.48.

The indictment also contained count two, which charged the defendant with buying, receiving, concealing, or aiding in the concealment of the same items of groceries with the same individual valuations.

The jury convicted the defendant under count two and specified the aggregate of the groceries at $21.38. The trial court sentenced the defendant to three years in the penitentiary. The defendant took an indigent appeal from the judgment entered pursuant to the verdict.

The requisite scienter for crime of receiving stolen goods may be inferred from recent possession of stolen goods. Title 14, § 338, Recompiled Code 1958; Stanley v. State, 46 Ala.App. 542, 245 So. 2d 827, cert. den., 286 Ala. 738, 245 So.2d 828.

When the state rested after its initial presentation of evidence, the defendant moved to exclude the evidence. The court denied the motion. This ruling is the only one that the defendant argues. It and the other rulings on the admission of the evidence, at the instance of the state are without merit.

It appears from the evidence that the defendant entered the area of Southway Discount Center, Inc., where the groceries were shelved for display and sale. The entry was made through an unattended cashier's lane or gate. The defendant did not have any shopping or grocery bag and came out through an unattended cashier's lane with a bag of groceries, as listed in the indictment and of the aggregate value of $21.48.

It appears that one Steven Caiola, a supervising employee of the store, had an elevated seat in close proximity to the unattended lanes. He testified that he observed the defendant enter the grocery section sans shopping bag, and that he also saw him come out with a bag of groceries, which he identified as to the value and ownership as alleged in the indictment. He halted the defendant after he passed through the exit lane and called an employee, whose testimony was essentially the same as Mr. Caiola as to the value and ownership. It appeared that the defendant did not have a cashier's slip to show payment of the groceries; that the groceries were in the possession of the defendant without permission or authority of the owners.

It appears further from the evidence that Mr. Caiola seized the bag and tore it, thereby obtaining possession of the groceries concealed in the bag.

We think that when the state rested, after presentation of its case, the evidence fully established that the items of groceries in the bag were taken from the store without authority and were recently stolen from the store; that the groceries were of the aggregate value of $21.38; that the defendant had possession of these stolen items.

The court, at this juncture of the evidence, overruled the defendant's motion to exclude.

The defendant did not take the stand, but did put a police officer on the stand who testified about a written statement the defendant made to him. The statement reads:

" 'I was at Southway on the parking lot to try to sell a watch and rings. A white man came walking around the corner of the building and I approached him near the front door. We talked for a few minutes about the price of the watch and rings. We agreed on $75 for the rings and $50 for the watch. He said he didn't have that kind of money, but to come on in the store. Once inside the store he told me to wait there at the front. He went on in the store and in a few minutes he came back with two sacks. He had the watch and ring then. He gave me one of the sacks and told me to wait outside for him while he got his check cashed and he would give me $50 more dollars. Just as I walked out the door a man came up and asked me to come back in the store. We went to the office and they checked the sack and it had $21.00 worth of meat. They said it hadn't been paid for. /s/ James W. Rhone.' "

The defendant did not request the affirmative charge nor did he request written charges of any kind.

■ There are no reviewable rulings on defendant's objections to the state's evidence. These objections are not reviewable because the defendant did not assert any grounds in support of his objections. McKanney v. State, 51 Ala.App. 529, 287 So.2d 240(3). The judgment is due to be affirmed; it is so ordered.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.