Possession and sale of lysergic acid diethylamide (LSD); sentence: three years imprisonment. *Page 1255 
The trial of this case commenced on the morning of December 7, 1977. After the State presented its case in chief and rested, the defense proceeded with its case. A lunch recess was taken during the presentation of the defense. After the lunch recess, and before proceeding with the presentation of the defense, a juror presented a note to the trial court. The trial court passed the note on to the attorneys for both sides. The note concerned the testimony of a State's witness, Officer Charles Lee Baker. Officer Baker had testified that the alleged crime had taken place in appellant's automobile and that he had the license tag number of that automobile. The note from the juror stated as follows:
 "Was the car tag number which the officer referred to registered in the name of the defendant?"
After the defense rested, the State recalled Officer Baker as a rebuttal witness. Baker was allowed to testify, over the appellant's objection, that he got the tag number and what the number was. Emmett Sanders, the County License Director, was then called as a State's rebuttal witness. He testified that the tag number was registered in the name of appellant. No objection was taken to the testimony of Sanders.
 I
Appellant contends on appeal that the trial court was in error for not granting a mistrial because he contends that the rebuttal testimony admitted was not rebuttal but was in fact testimony that should have been brought out on direct examination.
It is within the discretion of the trial court to admit rebuttal testimony. Hall v. State, Ala.Cr.App., 352 So.2d 40
(1977). This discretionary rule also applies to testimony which more properly should have been offered as part of the case in chief. Alexander v. State, 51 Ala. App. 267, 284 So.2d 292
(1973); Nichols v. State, 276 Ala. 209, 160 So.2d 619 (1964); Title 7, § 252, Code of Ala. 1940 (now § 15-14-4, Code of Ala. 1975). We do not think the trial court abused its discretion.
 II
Appellant's next contention is that the trial court committed error by allowing a portion of the testimony to be read to the jury after they had begun deliberations without consulting with appellant's counsel. Appellant says that the portion of testimony read was not the complete testimony the jury had requested to hear, it was highly prejudicial, and put undue emphasis on a certain part of the testimony.
The question posed to the trial court by the jury during their deliberations was as follows:
 "During Officer Baker's testimony he said he had the tag number of the car. We are not clear on how and when he got this information. We would like clarification."
The trial judge instructed the court reporter to read the following portion of Officer Baker's testimony to the jury:
 "Q. Now, on the day that you met David Crow, could you tell me the car again that he drove up in? I think you said it was a —
 "A. It was a silver car, I am not sure if it was a Chevrolet. At that time I thought it was a Chevrolet.
"Q. Do your notes reflect what it was?
 "A. Yes, sir, they reflect a Chevrolet. I have a tag number of the car.
* * * * * *
 "Q. Officer Baker, you have referred to your report and your notes there. When were those notes and when was that report prepared by yourself?
 "A. Right after I sealed the evidence, the same night.
 "Q. So, the notes and the description contained therein were made when your memory was fresh, it was made the same day?
"A. Approximately an hour later, somewhere in there."
After which the following occurred:
 "A JUROR: Yes, Judge, that was the point we were not exactly sure what we had." *Page 1256 
The jury then returned to the jury room and resumed deliberations. At this point, appellant's counsel requested that other parts of the officer's testimony be read to the jury. The trial court denied the request and an objection was taken.
Appellant waited until after the testimony was read and the jury had returned to deliberations before objecting. The objection came too late. Carter v. State, Ala.Cr.App.,356 So.2d 682 (1978), cert. denied, Ala., 356 So.2d 689. Likewise, in order for this court to review an alleged erroneous admission of evidence in the trial court, a timely objection must be made to the introduction of the evidence. Gibbs v.State, Ala.Cr.App., 342 So.2d 448 (1977); Oatsvall v. State, Ala.Cr.App., 57 Ala. App. 240, 327 So.2d 735 (1975), cert. denied, 295 Ala. 414, 327 So.2d 740 (1976).
Even if the objection had been timely, we fail to find any prejudice resulted from the reading of the testimony. Carter, supra. The portion of testimony read by the court reporter was an accurate account of Officer Baker's testimony. The comment by the juror following the court reporter's reading of the testimony indicates that the jury was satisfied with the portion read. As stated in Morrow v. State, 52 Ala. App. 145, at 149, 290 So.2d 209, cert. denied, 292 Ala. 743, 290 So.2d 213, cert. denied, 419 U.S. 853, 95 S.Ct. 97, 42 L.Ed.2d 85 (1973), quoting from Autry v. State, 34 Ala. App. 225, 38 So.2d 348
(1949):
 ". . . Where a jury itself requests that certain testimony be read over to them by the court reporter, to refresh their recollection concerning it, the emphasis on this portion of the testimony is already inherently present in the jury's mind, and certainly the mere rereading of the requested portion of the testimony, to clarify the jury's recollection thereof cannot add any emphasis not already present as to such testimony. . . ."
 III
During oral argument in this court, appellant's counsel argued that the State failed to prove its case, especially the identity of the appellant. That argument was not made in appellant's brief. However, in reviewing the record, we find there was no motion to exclude the State's evidence, no request for the affirmative charge, and no motion for a new trial. Thus, the sufficiency of the evidence is not subject to review.Youngblood v. City of Birmingham, Ala.Cr.App., 338 So.2d 526
(1976).
Counsel contended in argument that the identity of the appellant was not proved since appellant had an alibi. A jury question is always presented where there is a conflict between the State's case and the appellant's alibi. Mullins v. State, Ala.Cr.App., 344 So.2d 539, cert. denied, Ala., 344 So.2d 543
(1977); Oatsvall, supra. The record reveals sufficient evidence of identity which, if believed by the jury, would support the verdict. The prosecuting witness was questioned and responded as follows:
 "Q. Officer, Baker, take a look at the defendant over here next to Mr. Shipman. Is that the man you bought the LSD from, the man you gave the two twenty-dollar bills to?
"A. Yes, sir, it is."
AFFIRMED.
All the Judges concur.