[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 603 
A jury found appellant guilty of buying, receiving or concealing stolen personal property, "knowing that it has[d] been stolen, or having reasonable grounds for believing that it has[d] been stolen, and not having the intent to restore it to the owner," in violation of Code of Alabama 1975, § 13-3-55. There was great dispute in the evidence as to the value of the involved property, a "homemade" automobile trailer, but there was no conflict in the evidence that it had a value considerably in excess of $25.00 which, according to the cited section of the Code, subjected appellant to punishment as if he had stolen the property. Punishment for grand larceny, which includes the theft of any personal property "of the value of $25 or more," is punishable by imprisonment in the penitentiary "for not less than one nor more than 10 years." Code of Alabama 1975, § 13-3-50. Appellant was sentenced to imprisonment for three years.
There was undisputed evidence that the trailer was taken from the premises of its owner under circumstances sufficient to show the corpus delicti, that is, that it had been stolen from its owner. There is no contention to the contrary.
According to the undisputed evidence, the trailer was in the possession and control of defendant a few days after it was stolen. According to an admission by defendant, which was introduced in evidence without objection by defendant, and according to defendant's testimony in the case, he bought the trailer from one Bill Wallace for the sum of $125.00 and sold it within a few days thereafter to Jerry Denham for the sum of $150.00. A handwritten note, a purported bill of sale, as to each transaction was admitted in evidence.
Appellant insists that there was no substantial evidence to show that he knew that the trailer had been stolen or that he had reasonable grounds for believing that it had been stolen, which is an element of the crime charged. Appellant emphasizes the fact that his own written statement disavowing any knowledge that the property was stolen was introduced in evidence by the State and that it should preclude any finding of fact to the contrary. The answer to appellant's contention is to be found in the established principle that possession of recently stolen property gives rise to a permissible inference of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession. Stanley v. State, 286 Ala. 738, 245 So.2d 827 (1970); Character v. State, 51 Ala. App. 589,287 So.2d 916, cert. denied, 291 Ala. 775, 287 So.2d 919
(1973); Rhone v. State, 53 Ala. App. 338, 299 So.2d 781 (1974). The reasonableness of the explanation given by one in possession of recently stolen property is to be determined from all of the circumstances, and, if reasonable people can come to a different conclusion on the subject, the question of whether the explanation is reasonable is one to be determined by the jury. Haynes v. State, 40 Ala. App. 106, 109 So.2d 738 (1958).
The possibility that defendant bought the trailer from a person representing himself to be Bill Wallace is not to be ignored, but there is sufficient basis in the evidence for a reasonable conclusion that no such person existed.
Detective Sergeant Robert D. Stewart of the Anniston Police Department testified:
 "Q. Mr. Stewart, did you go to the location Mr. Ford told you this transaction took place at where he bought the trailer?
"A. Yes, sir.
"Q. Were you able to locate or find a Bill Wallace?
 "A. No, sir. On three separate occasions I went up there at night where he said he frequented the place and asked the patrons of this recreation center. *Page 604 
"Q. Where is this recreation center?
 "A. Lenlock Shopping Center, hangout for teenagers, dopers, and things.
"Q. Did you find Bill Wallace?
 "A. No, sir; and I found no one that had ever heard of him."
Jerry Denham, the person to whom defendant sold the trailer, testified:
 "Q. Now, in the course of your conversation with Mr. Ford, did he tell you where he got this trailer?
 "A. I asked Elmer where the trailer came from; and he told me it come from some place in Lineville.
 "Q. Do you remember who, if anybody, he told you that he bought it from?
 "A. No, sir, I don't remember exactly who the fellow was that he said.
"Q. Did he mention a name?
 "A. He mentioned the name of Steve Smith at one time at my house.
"Q. Did he ever mention the name of Bill Wallace?
"A. No, sir, he did not."
Denham further testified that about two months before the trial in the instant case defendant came to him and said,
"I'm facing about two years in jail" and that defendant "was wanting me to come up here and tell that I knowed for a fact that he had bought the trailer from some guy."
The evidence was sufficient to justify an inference that defendant knew the trailer was stolen or that he had reasonable grounds to believe that it was stolen. The trial court was not in error in denying defendant's motion to exclude the evidence or in its refusal of the general affirmative charge in favor of defendant. We cannot say that the verdict was palpably wrong or unjust. This precludes a determination that the trial court should have granted defendant's motion for a new trial on any ground therein relative to the weight of the evidence.
A witness who testified on call of the defendant was recalled by the State as a witness after defendant had rested his case, and the State was permitted, over the objection of defendant, to show by said witness that he had been convicted of grand larceny on December 10, 1973. Appellant argues that such evidence "was not in rebuttal of any evidence of the defendant and was not evidence that could have not properly been brought out on cross-examination." No authority is cited for the position taken. It is not well taken. Code of Alabama 1940, Tit. 7, § 252, previously held to be applicable to both civil and criminal trials, is now codified in the same language in two separate sections, one relating to Civil Procedure and the other to Criminal Procedure, the latter being Code 1975, §15-14-4 as follows:
 "The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."
It is within the discretion of the trial court to receive, in rebuttal, testimony which more properly should have been offered as part of the case in chief. Nichols v. State,276 Ala. 209, 16 So.2d 619 (1964); Alexander v. State, 51 Ala. App. 267, 284 So.2d 292 (1973).
Appellant complains of the refusal by the trial court of fourteen written charges requested by defendant. Without particular discussion of any of them, he says the trial court erroneously refused all of them. Each of them pertained to the subject of the requirement of proof of defendant's guilt "beyond a reasonable doubt" or "to a moral certainty." Eight charges requested by defendant on the same subject were given. In the court's oral charge, there was coverage of the subject, including:
 ". . . This placed the burden of proof upon the State of Alabama to show from the evidence the guilt of the defendant of the offense charged in the indictment beyond a reasonable doubt and to a moral certainty if there is to be a conviction in this case. *Page 605 
 "Though I have used the term reasonable doubt and the term moral certainty. These terms are synonymous. That is they mean the same thing. It means a real or substantial doubt growing out of the evidence or lack of evidence. It essentially means doubt for which a reason can be given."
In one or more of the refused charges the necessity for unanimity of the jurors in returning a verdict was mentioned. It was also mentioned in the court's oral charge, as well as in the following charge given at the request of defendant:
 "The Court charges the jury that defendant cannot be convicted in this case unless each and every juror is not only reasonably satisfied from the evidence of defendant's guilt, but if [is] satisfied from the evidence, and the evidence, alone, beyond all reasonable doubt, and to a moral certainty, of his guilt."
We find no error in the court's refusal of any of the written charges requested by defendant.
We do not find that appellant's contention that the court "allowed the State to introduce hearsay testimony over the timely objection of the appellant" is supported by the transcript of the evidence. No specific ruling is cited by appellant, but it appears that probably the reference is to hearsay testimony by a witness in answer to a question that didnot call for hearsay testimony. There was an objection to such question that was overruled by the court, to which ruling defendant excepted. Immediately thereafter, the witness proceeded in a long four-sentence narrative, which ended with his statement, "She said —." Then defendant's counsel said, "Object to all of this hearsay testimony." The court then said, "Sustained." As the ruling of the court as to any question raised by defendant as to hearsay testimony was in defendant's favor, the court cannot be correctly charged by appellant with error in that respect.
We have found no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.