[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 768 
The defendant was indicted and convicted for buying, receiving or concealing several packages of meat, valued at approximately $51.61, the property of the Belleview Plaza Food World in Fairfield. Sentence was seven years' imprisonment.
On December 11, 1979, around 3:30 P.M., the defendant wearing a long overcoat, entered the Belleview Plaza Food World with another man. They went to the meat case and, after a period of time, left the store apparently without making a purchase. After he exited, Fairfield police officer Ruben Wilkinson and his partner talked to the defendant. After the conversation the officers continued to observe the defendant as he drove his car to another parking space and entered the Woolco Department Store at the shopping center. The officers drove to the parked car where they saw on the ground beside the car several packages of meat affixed with the Food World label. The packages of meat were partially covered by a tan overcoat. Shortly thereafter, the officers arrested the defendant.
Inspection revealed that the packages of meat were cold and damp. The defendant's overcoat and the one covering the packages had slits cut in their inner lining thereby forming a pocket. Both coats had moisture inside and outside the pocket area.
The defendant made two oral statements to the officers, and both were properly admitted into evidence. In the first statement the defendant denied having any knowledge about the packages of meat. In the second statement he stated that a man named Hank, who had entered the Woolco Department Store with him, had taken the packages of meat. The police could not locate Hank.
 I
The defendant contends that the trial court erred in denying his motions to suppress and exclude the State's evidence. Both motions are specifically based upon the assertion that the State failed to prove that the meat was stolen from the Belleview Plaza Food World.
 A
Our search of the record reveals that the trial court did not rule upon the motion to suppress and the defendant did not object to the failure of the trial court to rule.
Review on appeal is limited to matters on which rulings are invoked at the trial court. Delarosa v. State, Ala.Cr.App.,384 So.2d 876, cert. denied, Ala., 384 So.2d 880 (1980); Magro v.State, Ala.Cr.App., 384 So.2d 871, cert. denied, Ala.,384 So.2d 875 (1980); McGee v. State, Ala.Cr.App., 383 So.2d 881, cert. denied, Ala., 383 So.2d 884 (1980); and cases cited therein; 6B Alabama Digest Criminal Law 1045. See also Mitchellv. State, Ala.Cr.App., 338 So.2d 524 (1976).
 B
Mr. Jerry Fewell, manager of the Belleview Plaza Food World, stated that he identified the packages of meat found beside the automobile which the defendant was either driving or riding in as having the store label upon them. He stated the meat was fresh with its temperature being approximately the same as the meat contained in the store's meat case. Mr. Fewell stated that he knew the meat came from his store due to its temperature and the distance to the nearest Food World store. He testified that on December 11, 1979, he saw the defendant, wearing a long overcoat, enter the store and go to the meat cases. The defendant did not use a shopping cart and, apparently, made no purchase. Fewell stated that he watched the defendant because of the long overcoat he was wearing. Mr. Fewell did not see the defendant take anything.
Mr. Ronnie Thomas, an assistant manager of the Belleview Plaza Food World, testified that he also observed the defendant around the meat case although he did *Page 769 
not see him take anything. He stated that he checked the cash register receipts to determine whether the packages of meat had been bought which proved that they had not.
Fairfield Police Officer Ruben Wilkinson testified that he arrested the defendant after his partner and he discovered the packages of meat on the ground near the automobile the defendant was in. He stated that no sales receipts for the meat were found in or around the vehicle.
The offense of buying, receiving or concealing stolen property requires the State to prove that: (1) the property in question has been stolen, (2) the defendant bought, received, concealed or aided in concealing the property, knowing that it was stolen, and (3) the defendant bought, received, concealed, or aided in concealing the property without the intent to restore it to the owner. Collins v. State, Ala.Cr.App.,385 So.2d 993 (1979), reversed on other grounds, Ala.,385 So.2d 1005 (1980); Franklin v. State, Ala.Cr.App., 378 So.2d 267, cert. denied, Ala., 378 So.2d 270 (1979); Section 13-3-55, Code of Alabama 1975. Possession by an accused of recently stolen property places upon him the burden of reasonably explaining the possession, and absent any explanation an inference of guilt may arise which will support a conviction if sufficient proof of the above three elements has been made. Kilpatrick v.State, Ala.Cr.App., 383 So.2d 863, cert. denied, Ala.,383 So.2d 867 (1980); Causey v. State, Ala.Cr.App., 374 So.2d 406, cert. denied, Ala., 374 So.2d 413 (1979). The reasonableness of an accused's explanation is to be determined from all the facts and circumstances surrounding the transaction. Ford v. State, Ala.Cr.App., 383 So.2d 601 (1980). Possession is not limited to actual manual control by the person. Rather, if the stolen property is under one's power and dominion, it is possessed by him. McConnell v. State, 48 Ala. App. 523, 266 So.2d 328, cert. denied, 289 Ala. 746, 266 So.2d 334 (1972).
In a case involving the buying, receiving, or concealing of stolen property, the requisite knowledge or scienter may be inferred by the jury from the possession of recently stolen property as well as the facts and circumstances surrounding the entire transaction. Ford, supra; Causey, supra; Waters v.State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala.,360 So.2d 367 (1978).
The corpus delicti of buying, receiving, or concealing stolen property may be proven by circumstantial as well as direct evidence. Wilson v. State, Ala.Cr.App., 361 So.2d 1167 (1978); and cases cited therein. In Cumbo v. State, Ala.Cr.App.,368 So.2d 871, 874, cert. denied, Ala., 368 So.2d 877 (1978), we stated:
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude . . ."
(Citations omitted.)
 "It is our duty upon review to determine whether or not any theory of the evidence exists from which the jury could have excluded every hypothesis except guilty beyond a reasonable doubt. It is within the province of the jury to decide whether or not circumstantial evidence tending to connect the appellant with the crime excludes to a moral certainty every other reasonable hypothesis than that of appellant's guilt." Cumbo, supra, at 875.
"(I)f facts are presented from which the jury may reasonably infer that the crime has been committed, although established by circumstantial evidence, the question must be submitted to the jury." Hopson v. State, Ala.Cr.App., 352 So.2d 500, 502, affirmed, Ala., 352 So.2d 506 (1976). Mauldin v. State, Ala.Cr.App., 376 So.2d 788, cert. denied, Ala., 376 So.2d 793
(1979).
In the instant case, the State presented ample evidence for the jury to have inferred that the packages of meat *Page 770 
had been stolen. Evidence was also presented from which the jury could have reasonably inferred that the defendant committed the offense with which he was charged. Consequently, the trial court properly overruled the defendant's motion to exclude. Mainor v. State, Ala.Cr.App., 348 So.2d 1083, cert. denied, Ala., 348 So.2d 1091 (1977); Section 13-5-55.
 C
The defendant argues that he should not have been convicted for the crime of receiving stolen property because the evidence shows that he was a participant in the actual theft of that same property. Even if we hold the comments made by defense counsel during the hearing of the motion for new trial sufficient to have properly and timely raised this issue in the trial court, Jones v. State, 373 So.2d 1221, 1225
(Ala.Cr.App.), cert. denied, 373 So.2d 1225 (Ala. 1979), the defendant's conviction is still due to be affirmed on this ground.
"(C)riminal liability for receiving or concealing stolen property may attach where one was present but did not participate in the actual taking and carrying away of the property." Thomas v. State, 389 So.2d 552, 554 (Ala.Cr.App. 1980); White v. State, 383 So.2d 888 (Ala.Cr.App.), cert. denied, 383 So.2d 892 (Ala. 1980); Mefford v. State,363 So.2d 1050 (Ala.Cr.App. 1978).
 "One who was present at the time of the commission of larceny and aided in the commission thereof, although he was not guilty of the actual taking, can be convicted of receiving or concealing the property so stolen, for the reason that the receiving of the property is subsequent to the larceny in fact and not a part of it." 76 C.J.S. Receiving Stolen Goods, Section 14c (1952).
See also Thomas, 389 So.2d at 555.
From the State's evidence reasonable inferences could be drawn that the defendant either actually stole the meat or that he, at least, aided in carrying the meat from the store. However, it is also reasonable to infer that the defendant merely aided in concealing meat stolen by Hank. The defendant's own statement in which he admitted that Hank took the meat, the fact that no one saw the defendant take any meat and the fact that the officers, who observed the defendant outside Food World, did not notice any unusual bulkiness in the defendant's coat would allow this inference.
This was a question for the jury. From the evidence we cannot state that the jury's verdict is against the weight of the evidence. Therefore, we find no error in the trial judge's action in overruling the defendant's motion for new trial.
 II
The defendant asserts that the trial court erred in denying his motion to dismiss the indictment for lack of a speedy trial. Although the defendant went to trial without securing a ruling from the trial judge on his motion to dismiss or making any objection on the judge's failure to rule, we need not decide whether or not the defendant waived the matter.
After a review of the record in light of standards outlined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2181, 33 L.Ed.2d 101
(1972), we find no undue or prejudicial delay of the defendant's right to a speedy trial.
The relevant times and events are as follows:
December 11, 1979 Crime committed
December 13, 1979 Defendant arrested
March 28, 1980 Indictment
 April 16, 1980 and Case passed to be reset. No May 7, 1980 objection by defendant appears in the record.
 May 16, 1980 Counsel appointed and defendant arraigned
 June 11, 1980 Motion to Dismiss For Lack of Speedy Trial
June 19, 1980 Trial and Conviction
Under these particular circumstances, we find that the delay was not "presumptively prejudicial." Barker, supra; Wade v.State, 381 So.2d 1057 (Ala.Cr.App.), cert. denied,381 So.2d 1062 (Ala. 1980). *Page 771 
 III
The defendant contends that the trial court erred in denying his motion for a mistrial based upon the ground that Mr. Thomas' testimony was unduly influenced by Mr. Fewell.
The defendant asserts that he subpoenaed Mr. Thomas (although the record does not confirm this) as his witness and that Thomas was sequestered with the State's witnesses. He argues that by placing Mr. Thomas in the same room with Mr. Fewell, Thomas' testimony was drastically altered and he became an adverse witness.
There is nothing in the record to support the defendant's bare assertion. Evans v. State, Ala.Cr.App., 341 So.2d 749, cert. denied, Ala., 341 So.2d 750 (1977). See also Jenkins v.State, Ala.Cr.App., 384 So.2d 1135 (1979), cert. denied, Ala.,384 So.2d 1141 (1980). No evidence was offered or testimony taken in support of such. Mr. Thomas was called by and testified favorably for the State. His testimony, including the defendant's cross examination, does not support the defendant's argument. Consequently, we find nothing in the record to substantiate the defendant's contention.
 IV
The defendant asserts that the trial court erred in failing to give his written requested charge concerning control over stolen property. The oral instructions of the trial court fairly and substantially, and almost word for word, covered the written charge requested by the defendant. Consequently, the refusal of the requested charge was not error. Alabama Code 1975, Section 12-16-13.
We have searched the record for preserved error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.