416 So.2d 323 (1982)
TERRYTOWN PROPERTIES, INC., Westbank Revival Center Corporation, and Joyce D. Meyer
v.
PARISH OF JEFFERSON.
No. 5-28.
Court of Appeal of Louisiana, Fifth Circuit.
June 8, 1982.
Rehearing Denied July 13, 1982.
Odom B. Heebe, Bernhardt C. Heebe and H. Gordon Hartman, New Orleans, for plaintiffs-appellees.
H. A. Vondenstein and Ronald J. Gillen, Gretna, for defendant-appellant.
Before BOUTALL, DUFRESNE and GRISBAUM, JJ.
GRISBAUM, Judge.
This case comes to this court on appeal from a judgment by the Twenty-Fourth Judicial District Court which overturned the Jefferson Parish Council's decision denying rezoning of property located at the northwest and southwest corners of the intersection of Behrman Highway and Carol Sue Avenue. The trial court ordered a mandatory injunction rezoning the property and found that the Jefferson Parish Council was arbitrary and capricious when it turned down plaintiffs-appellees' petition to have the zoning ordinance amended.
*324 Plaintiffs-appellees Terrytown Properties, Inc., Westbank Revival Center Corporation, and Joyce D. Meyer filed a Zoning Ordinance Amendment Form, Map Change, in April 1979 for this property to be rezoned from Single Family Residential (R-1) to General Commercial (C-2). After a public hearing and review of the recommendation of the Planning Zoning Board, the Jefferson Parish Council denied the rezoning classification. Terrytown Properties, Inc., Westbank Revival Center Corporation, and Joyce D. Meyer filed suit in the Twenty-Fourth Judicial District Court for a mandatory injunction requiring the Parish Council to rezone the property from R-1, Single Family Residential, to C-2, General Commercial. The trial court judge ruled the Jefferson Parish Council's denial of the rezoning amendment was arbitrary and capricious and ordered a mandatory injunction requiring the Council to rezone the property in the following manner:
LOTS 16, 17, 18, 19 and 20, SQUARE 128, TERRYTOWN SUBDIVISION NO. 8, be rezoned from R-1, Single Family Residential, to C-1, Neighborhood Commercial;
LOT 15, SQUARE 128, TERRYTOWN SUBDIVISION NO. 8, from R-1, Single Family Residential, to R-2, Two-Family Residential;
LOTS 1, 2, 3 and 4, SQUARE 135, TERRYTOWN SUBDIVISION NO. 8, from R-1, Single Family Residential, to C-1, Neighborhood Commercial;
LOT 5, SQUARE 135, TERRYTOWN SUBDIVISION NO. 8, from R-1, Single Family Residential, to R-2, Two-Family Residential;
LOTS 57-A and 58-A, SQUARE 135, TERRYTOWN SUBDIVISION NO. 8, to remain R-1, Single Family Residential.
On appeal, the appellant, the Parish of Jefferson, contends that the Council was reasonable in its rejection of plaintiffs-appellees' request to change the present zoning classification of their property and that, therefore, the trial court erred in substituting its views for those of the parish governing body as to the wisdom of or need for a change in the zoning regulations. The plaintiffs-appellees, Terrytown Properties, Inc. et al, on the other hand, contend that the trial court's decision was correct because a refusal to rezone the property by the Council was arbitrary, capricious, a denial of equal protection and due process under the laws of the State of Louisiana and the Constitution of the United States of America.
The issue on appeal is whether the trial court was correct in reversing the decision of the Jefferson Parish Council to retain the current zoning of the property as R-1, Single Family Residential.
The fundamental principle upon which to analyze this issue lies in the separation of powers between the legislative, executive, and judicial branches of government. The power of the Jefferson Parish Council to adopt and amend zoning regulations is derived from the police powers vested in it through La.R.S. 33:4721 et seq. In order for the judicial branch to take part in a zoning decision (i.e. substitute its view for those of the parish governing body as to the wisdom of or the need for a change in the zoning regulations), it must conclude that there has been an abuse of discretion or an excessive use of power. See Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659, 672 (La.1975); Hardy v. Mayor and Bd. of Aldermen, etc., 384 So.2d 143, 148 (La.App. 3rd Cir. 1977).
Moreover, the zoning ordinance designating this property in question R-1 is presumed to have been adopted by the Jefferson Parish Council for valid purposes. The burden is on the party or parties attacking the ordinance, in this case Terrytown Properties, Inc., Westbank Revival Center Corporation and Joyce D. Meyers, to overcome this presumption of validity. Four States Realty, supra; Hardy, 348 So.2d 143, 148.
In general the criteria for judicial review of zoning ordinances was set forth in Folsom Road Civic Assoc. v. Parish of St. Tammany, 407 So.2d 1219, 1222 (La.1981) which states:

*325 "The authority to enact zoning regulations flows from the police power of governmental bodies and is valid if it bears a rational relation to the health, safety and welfare of the public .... Zoning ordinances are presumed to be valid and whoever attacks the constitutionality of an ordinance must show an abuse of discretion or an excessive use of power...." (Emphasis added)
Specifically, the exercise of the governing body's police power to deny an amendment of these zoning regulations will be upheld unless it is shown that there has been an abuse of discretion or excessive use of power, or that the action taken was arbitrary or unreasonable or that it bears no relation to the health, safety, or general welfare of the public. See Four States Realty, supra; Kirk v. Town of Westlake, 373 So.2d 601, 602-03 (La.App. 3rd Cir. 1979); Hardy, supra; Meyers v. City of Baton Rouge, 185 So.2d 278, 281-82 (La. App. 1st Cir. 1966). We adopt the test for invoking judicial action set forth in Kirk, 373 So.2d 601, 604. Plaintiffs-appellees must not only show the merits of their requested zoning change (a change from R-1, Family Residential, to C-2, General Commercial) but also demonstrate that the current zoning of the property is unreasonable, arbitrary, and discriminatory under all attending circumstances.
This court finds that this two-fold burden of proof has not been met by the plaintiffs-appellees; therefore, we reverse the trial court's mandatory injunction requiring rezoning of this property. We are not satisfied that the plaintiffs have shown the merits of their requested change from R-1, Single Family Residential, to C-2, General Commercial. While testimony at the trial of various experts indicated a preference for non-residential use, none of the plaintiffs' experts could testify that C-2, General Commercial, was a favorable designation for the property. Plaintiffs' expert, Mr. Hugh Ford, Planning Director, when asked about his recommendation for zoning the property commercial stated at Tr. 8-9:
"First of all, the request for was (sic) C-2, and I felt that I could not recommend C-2. I did recommend a C-1 classification because the property across the street, to the east on the other side of Behrman Highway is zoned C-1, and I did not give it any consideration as to other types of non-residential ..."
Plaintiffs' expert in city planning, Mr. Louis Bisso, stated that some of the property in question should be changed to R-2 (Multi-Family) and the rest to non-residential use; however, he did not explicitly designate C-2 as the preferred use. Responding to a question as to his recommendation he stated:
"... [I]n my report, I did not get into C-1 or C-2 or any other. I used the word non-residential use. As a consultant, I don't like to get specifically into the type of commercial, but I certainly do not think it should be residential so I prefer to say non-residential zoning." Tr. 31.
In contrast, defendant's expert, Frank Rodriguez, a city planning consultant, testified there was no need for commercial zoning in the area in question. He found that 22.5 percent of the property in this area was already zoned commercial. According to Mr. Rodriguez, ordinarily there should only be 7 percent to 12 percent of the property zoned commercially.[1]
Even if we should conclude that plaintiffs have shown the merits of a change to C-2, General Commercial, we do not feel they have born the burden of proof required for a trial court to be able to substitute its views for those of the parish governing body. The hearing minutes as well as trial testimony indicate great public opposition to the proposed amendment. While the trial judge in his reasons for judgment quoting Jemison v. City of Kenner, 277 So.2d 728 (La.App. 4th Cir. 1973) minimized the importance of this opposition, we feel this opposition should not be minimized. The facts of Jemison are distinguishable. In Jemison, the court was convinced that the municipal governing body's decision denying *326 the rezoning classification request was based substantially on objections of "some" of the voters residing in the area. The court recognized that the interests of the electorate should be considered but felt that those interests alone could not be the basis for a zoning decision when there were sound reasons to the contrary. Thus the court found the test of reasonableness was not met. In the instant case, however, there was substantial opposition from the residents of the area as well as planning reasons for the denial. Certainly it is proper for the Council to have considered the neighborhood residents' reaction to the proposed amendment. The enabling statute La.R.S. 33:4721 states that it is the purpose of zoning regulations to promote public health, safety, morals, convenience, order, prosperity, and general welfare of the community. The residents of the area are in a position to have knowledge of how such a proposed change would affect the quality of life of the area. In addition, as defendant's expert Franklin R. Rodriguez testified, since 1958 the Council has denied all requests for commercial zoning on the west side of Behrman Highway between Holmes and Peters Streets in order to provide a "buffer" zone.[2] While the wisdom of this planning decision may be questioned by some planning experts, the "plan" indicates that refusal of plaintiffs' request to make this corner commercial has a rational basis.[3] In light of the opposition from the neighborhood, as well as the Council's design to maintain a separation between the commercialization on the east side of Behrman Highway and the residential nature on the west side of Behrman Highway, we find the record is not void of reasons for the Council's denial of this zoning amendment. Neighborhood opposition and a plan to keep one side of Behrman Highway free of commercial development provide a proper basis for their decision.
Perhaps the trial court's plan for rezoning is in fact the most "enlightened." However, we find that the plaintiffs have not carried their burden of proving that (1) their C-2 designation had merits as opposed to other commercial or residential designations; and that (2) the Council's action had no rational basis, i.e., was arbitrary and capricious. Since the plaintiffs did not carry their burden, the trial court had no authority to substitute its view as to the best plan for zoning the area. The importance of the separation of powers and the concomitant limitation on judicial review was aptly stated in Kirk, 383 So.2d 601, 604-05:
"Judicial review of the propriety or wisdom of municipal authorities in exercising their police power by creating zoning ordinances is quite a serious and difficult undertaking because of the often far reaching consequences of such action. Judicial power will be brought to bear only when there has been an abuse of discretion or an excessive use of power, or when it can be shown that the action taken by the authorities is unreasonable or arbitrary; or does not bear a satisfactory relationship to the public health, safety, or morals."

CONCLUSION
Since the plaintiffs have not carried their burden, we find that the trial court erred in granting a mandatory injunction requiring rezoning of the property in question.
The judgment of the District Court is reversed, judgment hereby rendered in favor of defendant, Jefferson Parish, and plaintiffs' suit dismissed. All costs of the suit and of this appeal are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.
NOTES
[1] Mr. Rodriguez referred to this area as "overcommercialized." Tr. 75.
[2] Tr. 75. Moreover, the record is void of any evidence that this persistent denial has historically been arbitrary and capricious.
[3] The trial court in his reasons for judgment found that Behrman Highway would not act as a buffer zone and thought it a "better" decision to rezone the block according to the Planning Department's recommendations.