DUFRESNE, Judge.
This is an action by Nel Vezina, plaintiff-appellant, for a mandatory injunction against the Parish of Jefferson, defendant-appellee, to compel the Parish to approve a resubdivision proposal for a residential lot. From a judgment denying the injunction, Vezina now appeals. Because we do not find that the action of the Parish Council was an abuse of discretion or excessive use of power, or that it was arbitrary or unreasonable, or that it bore no relation to the health, safety or general welfare of the public, we affirm the judgment of the trial court.
Vezina is the owner of a residential lot measuring 100 feet by 150 feet on the corner of Transcontinental Drive and Camphor Street in Jefferson Parish. The parish Comprehensive Zoning Ordinance, Sec. Ill, 78, provides that corner lots are deemed to front on the street upon which they have their least dimension. The lot in question here has its 100 foot dimension on Transcontinental Drive, and therefore fronts on that street.
Vezina sought approval from the Parish Council to subdivide the lot into two parcels. His proposal was to create one lot 100 feet on Transcontinental by 95 feet on Camphor, and a second lot 50 feet on Camphor by a depth of 100 feet.
In effect, his plan was to sever the rear 55 feet of the original lot fronting on Transcontinental, and thus create a fifty-five foot lot fronting on Camphor. In so doing, however, the remaining parcel would measure 100 feet on Transcontinental by 95 feet on Camphor, and therefore its least dimension would be on Camphor, rather than the original frontage on Transcontinental. Thus, both lots would front on Camphor.
The Comprehensive Zoning Ordinance, Sec. VII, 4(A) provides that all homes in residential districts must be set back 20 feet from the street upon which the lot fronts, and that on corner lots, a set-back of 10 feet from the side street is required.
A plat of Transcontinental Drive showing the block on which this lot is located, as well as one block on either side, shows that over 50 lots on these three blocks have dimensions of approximately 100 feet by 150 feet. Prior to 1970, an additional four such lots were subdivided into lots of 50 feet by 150 feet fronting on Transcontinental, and one lot was subdivided into three parcels, only one of which fronted on a side street. Aside from this last mentioned lot, all of these properties front on Transcontinental. By way of Ordinance 9581, enacted March 19, 1970, the Parish Council determined that it would henceforth exercise its discretion in granting or denying a resubdi-vision request where the property to be resubdivided would not be in “conformity with the existing conditions in the immediate area”. Between passage of that ordi *229 nance and the present case, all four other proposed resubdivisions of 100 foot by 150 lots into smaller parcels in this three block area of Transcontinental have been denied.
Upon application to the Council for the present resubdivision, the matter received an unfavorable recommendation from the Planning Department of the Parish. The conclusion of that department was that the proposal would not conform to the neighborhood norm, and it therefore recommended that the Council deny the plan. The matter was heard by the Council on January 8, 1986, and the record reflects that Vezina was neither present nor represented. The resubdivision was denied on the grounds that it would not conform to the neighborhood norm, as recommended by the Planning Department.
Vezina thereupon brought this action for injunctive relief alleging:
1.) That no hearing was held on the matter and no reasons for the denial were set forth for the denial, in violation of state law;
2.) That he has been denied equal protection of the laws in that he has been treated differently from other property owners;
3.) That the decision of the Council was arbitrary and capricious, and;
4.) That the decision of the Council was taking of his property rights without just compensation.
The trial court rejected these allegations, and refused to order the Council to grant the resubdivision request. Vezina now appeals alleging these same grounds for relief, though couched in somewhat different terms.
His first allegation is that there was no hearing on the matter as required by state law. The court is at a loss to understand this argument. The matter was set on the Council’s agenda, the matter was called, an opponent of the proposal appeared, and a public vote was taken. Similarly, the record reflects that the Planning Department’s recommendation of denial, based on nonconformity with the neighborhood norm, was adopted. Further, Vezina well knew the date of this hearing because one day before, he requested that it be continued to the next Council meeting. The record does not reflect whether this requested continuance was received by the Council, but it does show that Vezina was not present at the Council when the matter was called at the January 8 meeting. He cannot now be heard to allege that he was given no hearing simply because he failed to appear at that hearing. This issue, therefore, need not detain us further.
The substantive issue before the court is whether the appellant overcame the presumption that the action of the parish legislative body as to land use was a valid exercise of its police powers. There is no question that land use regulation falls within the police powers of legislative bod- . ies, Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Moreover, such regulation is presumed valid, and will be sustained by the courts, unless it can be shown that the action was an abuse of discretion or an excessive use of the police power, or bears no rational relation to the health, safety and welfare of the public, or was arbitrary or unreasonable. Terrytown Properties v. Parish of Jefferson, 416 So.2d 323 (La.App. 5th Cir.1982), and cases cited therein.
It is urged here that the particular action taken here bears no relation to health, safety, and welfare, and further that it was arbitrary.
Vezina cites Christopher Estates v. Parish of E. Baton Rouge, 413 So.2d 1336 (La.App. 1st Cir.1982), for the proposition that rejection of a subdivision plan on the grounds that it would create 60 foot lots adjoining 150 foot lots, was not an action relating to the health, safety, or welfare of the public, and was thus invalid. Our reading of that case reveals that the decision was based on a too narrow reading of Euclid, supra, and ignored subsequent cases which have established a much more expansive interpretation of health, safety, and public welfare. In Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), the court stated that the police power in- *230 eluded determinations that “the community should be beautiful as well as healthy, spacious as well as clean, well balanced as well as carefully patrolled” (at U.S. 33, 75 S.Ct. 102-3). It also included as proper matters of the police power aesthetic considerations.
In the case before us, the major reason for rejection of the plan was that it would create two smaller lots on a street where the vast majority of lots were 100 by 150 feet. In this court’s opinion, this decision was clearly based upon considerations of the spacious nature of lots on the street, and as such was a valid exercise of the police power. We further note that the proposed plan would have shifted the frontage of the corner lot from Transcontinental to Camphor, and thus permitted building within 10 feet of the property line on Transcontinental, thus affecting the uniform set-back of, houses on that street. This is again a matter involving the spaciousness and aesthetics of the neighborhood and thus within the police power. Although Vezina testified that he would accept a restriction that any house on the corner lot would have to face Transcontinental and have a 20 foot set-back, this was properly a matter to be raised before the Council and not before the court.
It is further urged that the Council’s action here was arbitrary and unreasonable. Again the record shows otherwise. While it is true that there are a few lots on the street of less than 100 by 150 feet, all of these lots were created prior to enactment of the resubdivision ordinance of 1970. Since that time, all resubdivision applications similar to the application here have been denied. Clearly, the Council has determined that the maintenance of larger lots along this portion of Transcontinental is in the public interest, and it has consistently enforced this policy for the last decade and a half. There is thus nothing to indicate that the Council has acted arbitrarily or unreasonably in this particular instance.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.