McMILLAN, Judge.
The appellant was found guilty of possession of a controlled substance, to-wit: marijuana, in violation of § 20-2-70, Code of Alabama (1975), and receiving stolen property in the second degree, in violation of § 13A-8-18, Code of Alabama (1975). He was sentenced to six years’ imprisonment and ordered to pay a $25 victims’ compensation assessment for the receiving stolen property conviction and was sentenced to one year in the penitentiary for the marijuana possession conviction that sentence to run concurrent with the other conviction.
I
The appellant argues that the evidence was insufficient to sustain the verdicts of guilty of possession of marijuana *696 and receiving stolen property in the second degree and therefore that the trial court should have granted his motion for judgment of acquittal. Although the appellant fails to allege in what respect the State’s evidence was insufficient to support the conviction of possession of marijuana, the record clearly shows that the appellant was stopped by two officers who were acting on information supplied by a confidential informant and that .76 grams of marijuana was found in a clear plastic bag in the appellant’s shirt pocket. The informant had told one of the officers that he had seen the marijuana in the appellant’s pocket.
The three elements which are necessary to prove possession of marijuana are (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. § 20-2-70, Code of Alabama (1975). The record clearly shows that the appellant was in actual physical control of the marijuana.
The State produced sufficient evidence to support the appellant’s conviction for receiving stolen property in the second degree. William Jackson testified that his Winchester model 94, 30-30 caliber rifle, which was worth $200, was stolen from his home. He reported it as stolen to the police, giving them the serial number. Based on the confidential informant’s information, police officers stopped the appellant. They had been told by the informant that the appellant was driving a white Pontiac Bonneville with tinted windows and was in possession of a stolen rifle which was in the back seat of his automobile. The confidential informant had been proven reliable on four prior instances. The officers observed the appellant in the white Pontiac Bonneville with tinted windows. The front window was rolled down and the rifle was in plain view on the back seat. William Jackson identified the rifle recovered from the appellant’s automobile as his stolen rifle. The prosecutor introduced a statement made by the appellant in which he claimed to have purchased the rifle a year earlier.
Although the appellant argues that the State’s evidence shows only that a burglary occurred and does not prove that the appellant was guilty of receiving stolen property, “[a] person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.” See § 13A-8-16, Code of Alabama (1975).
Direct evidence is not required to prove the corpus delicti of receiving stolen property; rather, it may be shown by facts and circumstances from which the jury may infer that the offense has been committed. Smitherman v. State, 340 So.2d 896, 899 (Ala.Cr.App.), cert. denied, 340 So.2d 900 (Ala.1976).
“Scienter, a necessary element for sustaining a conviction of receiving stolen property, may be inferred by the jury from the facts and circumstances surrounding the whole transaction. Vines v. State, 57 Ala.App. 117, 326 So.2d 307 (1975).... The requisite scienter for this crime may be inferred from possession of recently stolen goods. Rhone v. State, 53 Ala.App. 338, 299 So.2d 781 (1974). While the possession of recently stolen property does not raise a presumption as a matter of law as to the possessor’s guilt, it does raise a presumption as a matter of fact to be passed upon by the jury. Milligan v. State, 45 Ala.App. 112, 226 So.2d 172 (1969).”
Waters v. State, 360 So.2d 358, 361 (Ala.Cr. App.), cert, denied, 360 So.2d 367 (Ala. 1978). “Alabama Code 1975, § 13A-8-16(b)(2), provides: ‘If a person: * * * [possesses goods or property which have been recently stolen, * * * this shall be prima facie evidence that he has the requisite knowledge or belief.’ ” Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App. 1984). The record clearly shows that the appellant was in possession of a recently stolen rifle. The requisite guilty knowledge and intent could have been inferred by the jury, despite the appellant’s explanation that he had purchased the rifle a year earlier.
“The possession of recently stolen property by the accused places upon him *697 the burden of explaining that possession to the satisfaction of the jury. Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972); Eldridge [v. State, 415 So.2d 1190, 1194 (Ala.Cr.App.1982)]; Boykin [v. State], 398 So.2d 766, 769 (Ala.Cr. App.), cert. denied, Ex parte Boykin, 398 So.2d 771 (Ala.1981). ‘Whether the explanation offered is credible or satisfactory is a question for the jury.’ Orr v. State, 107 Ala. 35, 39, 18 So. 142 (1895). See also Stamps v. State, 380 So.2d 406, 408 (Ala.Cr.App.1980), Waters v. State, 360 So.2d 358, 361 (Ala.Cr.App.), cert. denied, Ex parte Waters, 360 So.2d 367 (Ala.1978).”
Carlisle v. State, supra, at 1206.
II
The appellant contends that the trial court erred by not requiring the State to disclose ,_the identity of its confidential informant. The appellant argues that he was entitled to know the informant’s identity because it involved the establishment of probable cause to arrest and search him. The record indicates that the defense counsel asked to know the identity of the confidential informant because he alleged that the appellant was subsequently stopped on two separate occasions on the basis of information from a confidential informant and that both times the officers searched the appellant and his car, finding nothing. The defense counsel stated that he believed that, despite the officer’s contentions to the contrary, there was only one confidential informant and that the confidential informant in the instant case was the same individual who gave the wrong information in the two subsequent episodes. The trial court found that the confidential informant was proved to have been reliable at the time of the arrest. The court stated, “I’m drawing the line at the time of the arrest. If he was reliable, then what happened since then is irrelevant.”
The appellant cites Hannah v. State, 497 So.2d 837 (Ala.Cr.App.1986) and Pugh v. State, 493 So.2d 388 (Ala.Cr.App.1985), affirmed, 493 So.2d 393 (Ala.1986) in support of his argument. Under the general rule established by Pugh, it was error for the trial judge to protect the identity of the informant.
“Where disclosure is sought in connection with an issue as to the legality of an arrest or search without a warrant, and communications by an informer are claimed by the prosecution to establish probable cause, ‘[t]he controlling rule is that disclosure of the informer’s identity is required ... unless there was sufficient evidence apart from his communication to establish probable (or reasonable cause).’ 76 A.L.R.2d at 329. ‘[Disclosure of the identity of an informant cannot be required, where the legality (probable or reasonable cause; consent) is established by evidence apart from the informer’s communication.’ 76 A.L.R.2d at 331. ‘As regards the issue of the legality of an arrest or search without warrant, the privilege of nondisclosure does not apply, and the identity of an informer must be disclosed, where there is no showing of probable (reasonable) cause apart from the informer’s communication.’ 76 A.L.R.2d at 338.”
Pugh v. State, at 391.
In the case sub judice, there has been no showing of probable cause outside the informant’s information. However, in this case, the error in failing to order disclosure was harmless because the prosecutor made a showing of the informant’s reliability. See Hannah v. State, supra, at 838; Pugh v. State, supra at 391-92. The officer testified that the informant had given him information other than that given about the appellant on more than four occasions and that he had never received information from that informant “that turned out not to be correct.” He further testified that, due to information from this informant, a “sale case” had previously been made on this appellant. Thus, the veracity prong of the Aguilar-Spinelli test was satisfied. Pugh v. State, supra.
AFFIRMED.
AH Judges concur.