JiDUFRESNE, Judge.
This is an appeal by Jack Stumpf & Associates, Inc., plaintiff-appellant, from a judgment upholding a Jefferson Parish Council’s decision denying plaintiffs application for a “special permitted use” permit to construct a cemetery and mausoleum in Marrero. For the following reasons, we affirm that judgment.
Plaintiff is the present owner of a 13 acre tract fronting on Ames Boulevard in Marre-ro. It has an agreement to sell the property to Heavenly Gardens Memorial Cemetery and Mausoleum, Inc., but this sale is predicated upon prior issuance of a “special permitted use” permit by the parish. Plaintiff made proper application to the Planning Department, which in turn found that the project met all of the technical requirements of the zoning ordinances. That body recommended approval to the Parish Planning Advisory Board and public hearings were scheduled. After two hearings, at which petitions |2and comments from both proponents and opponents were received, the Board recommended denial of the permit. Plaintiff next sought relief at the Parish Council, but after another public hearing at which interested persons again spoke and presented petitions that body also denied approval. Plaintiff next sought relief in the district *872 court but the Parish prevailed. This appeal followed.
We note initially that in zoning matters great deference is given to the actions of legislative bodies. As we noted in Terry town Properties v. Parish of Jefferson, 416 So.2d 323 (La.App. 5 Cir.1982), the separation of powers between the three branches of government is implicated when the judiciary undertakes to substitute its judgment for that of a legislative body in exercise of zoning decisions. Although the courts may review such matters, the burden of proof is on the opponent of the zoning action to show that in taking this action the public body abused its discretion or engaged in an excessive use of the police power, or that it acted arbitrarily and capriciously or in a manner which bore no relationship to the public health, safety or welfare, id.
In the present ease, the ordinances at issue are Sections XIII(2)(H) and XX-A of the Comprehensive Zoning Ordinance of Jefferson Parish. The first section provides that a cemetery is a permitted use in a C-l district on condition that a special permit is obtained from the Parish Council, as provided in Section XX-A. The property is in a C-1 district, so the only inquiry here concerns the Council’s application of this latter section to plaintiffs request for such |sa permit.
Section XX-A sets forth several criteria, all of which must be met before the Council may approve a special use permit.. Pertinent here is Part (2)(A), which provides:
The permit, if granted, will not cause any diminution or depreciation of property values of any surrounding property or will not alter the essential character of the locality.
During the various hearings before the Planning Advisory Board and the Council, several residents of two subdivisions which immediately abut the property in question spoke in opposition to the proposal. Their major concern was that they and their neighbors did not wish to live next to a cemetery and be constantly reminded of death each time they went out to get the paper or had a backyard barbecue. They also expressed concerns that the project would in effect separate the subdivisions from any thoroughfare and create a situation in which they would be living in isolation behind the cemetery. These speakers also presented a petition signed by some 550 residents of the two subdivisions. Although the proponents of the project also presented a petition with some 800 names, most of those people did not live in any immediate proximity to the property.
In comments by the Council member in whose district the property lies, he indicated that while the project seemed worthwhile, he had to side with those of his constituents who would be most immediately impacted by it. His implicit reasoning was that the cemetery would indeed alter the essential character of the area in a manner that was objectionable to a large number of people directly Laffected by the change. Given all of the circumstances surrounding this decision, we are unable to say that the action of the Council was improper as to any of the criteria which would permit this court to substitute its judgment for that of the governing body of the parish.
For these reasons, we affirm the judgment of the trial court upholding the Parish Council’s denial of the permit at issue here.

AFFIRMED.