278 So.2d 693

**Kenny OWENS**

v.

**STATE of Alabama.**

**SC 386.**

Supreme Court of Alabama.

May 31, 1973.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

James M. Fullan, Jr., Birmingham, for appellant.

JONES, Justice.

This case was transferred from the Court of Criminal Appeals on May 9, 1973. The defendant was tried by a jury in Jefferson County Circuit Court for the unlawful possession of heroin. He was found guilty and sentenced to a fine of $1,000.00 and commitment to the state penitentiary for a period of five years. The trial judge overruled defendant's motion for a new trial and this appeal followed.

The evidence at trial consisted primarily of the testimony of Robert Walker, an undercover agent for the Birmingham Police Department. Walker testified that on April 20, 1971, he and a man identified only as Freddie went to a convenience store operated by the defendant. There they asked the defendant if he had any drugs to which he replied he had some "skag" (heroin), and he instructed them to meet him around the corner at a certain green house. Walker and "Freddie" went to the door of the house and defendant soon opened the door from the inside and invited Walker to come inside. Walker testified that he then told the defendant how much heroin he wanted and purchased two small packets for $40.00. Walker turned the drugs over to Sergeant J. A. Williams of the Birmingham Police Department later that night at which time the drugs were placed in a brown envelope and initialed by Walker and Williams. Williams placed the envelope in a locked drawer, removed it the following morning in the same condition, and took the envelope personally to the state toxicologist.

Subsequently, defendant was arrested, indicted and tried for the unlawful possession of heroin. The defendant testified in his own behalf and denied the facts as related by Walker. He denied selling Walker, or anyone else, any drugs and stated that he knew Walker was a police officer before the date of the alleged sale. The jury evidently refused to believe the defendant's denials.

■ The first error alleged in defendant's brief on appeal concerns the "chain of evidence" in regard to the custody of the drugs involved. Defendant asserts that it is the duty of the state "to forge an unbreakable chain of custody" before evidence of seized contraband can be introduced. We have reviewed the testimony on this point and find no missing link in the chain of custody. Identification and continuity of possession were sufficiently established and defendant's allegation is not valid. Dennison v. State, 259 Ala. 424, 66 So.2d 552; Russell v. State, 47 Ala.App. 612, 259 So.2d 298; Powell v. State, 47 Ala.App. 582, 258 So.2d 923.

■ Defendant next contends that the trial court erroneously refused to give his requested charge number 5, as follows:

"The Court instructs the jury that the mere fact that a witness is a police officer or law enforcement officer does not, standing alone, entitle his testimony to any greater weight or credibility in your minds than the testimony of a private citizen."

The case cited by defendant, Emerson v. State, 29 Ala.App. 459, 198 So. 67, cert. den., 240 Ala. 118, 198 So. 70, does not convince us that charge number 5 should have been given. *Emerson* says:

". . . it was the duty of the trial court, in its general oral charge, to instruct the jury, with respect to the testimony of the witness Miller (an undercover man), that it was their duty to consider the conduct of this witness on that occasion in determining what weight they would give to his testimony." (Parenthetical matter added).

The requirements of *Emerson* were adequately met by the court's oral charge. We are unable to find convincing authority that such charge must be given, especially where the record reveals that the trial court in its oral charge instructed the jury with respect to their duty to consider the interest or bias in determining what weight

they would give the testimony of such witness. Defendant's contention on this point is not well founded and cause for reversal is not contained therein.

The evidence at trial revealed no conflict between Walker's testimony there and at the preliminary hearing. Consequently, defendant's charge number 6, requesting instructions on the effect of a witness' prior inconsistent statements, was properly refused by the trial court, the issue not being presented.

Defendant also claims that the court below erred in refusing his requested charge number 11. We cannot agree with defendant's claim. Charge number 11 was clearly intended to be in response to certain statements made by the prosecutor during his closing remarks to the jury. Such is not the proper object of requested charges and instructions of this type are properly refused. Anderson v. State, 160 Ala. 79, 49 So. 460; Thomas v. State, 150 Ala. 31, 43 So. 371; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677, cert. den., 249 Ala. 87, 29 So.2d 683.

Defendant next asserts that reversible error was committed because there was a variance between the allegations in the indictment and the proof at trial. The indictment charged defendant with the possession and sale of 70.84 mg. of heroin. At trial it was revealed that the above quantity was derived partly from an assumption by the state toxicologist, John M. Case, that each packet of heroin he examined contained the same percentage of pure heroin. In short, it could be said that the state only *proved* that the defendant sold Walker 49 mg. of heroin rather than 70.84 mg. as alleged. We do not think the above variance is fatal. Selling 1 mg. of heroin is a prohibited act and it has been held that there is no variance where the accused committed a substantial offense specified in the indictment. Taylor v. State, 47 Ala.App. 285, 253 So.2d 354; Fuller v. State, 39 Ala.App. 219, 96 So.2d 829.

Defendant also alleges error in the trial court's refusal to give to the jury his requested charges numbered 12, 13, and 14. Each of these charges was on the legal aspects of entrapment as a complete defense. Entrapment has been defined as the inducement of one to commit a crime not originated by him, for the purpose of instituting criminal proceedings against him. 21 Am.Jur.2d, Criminal Law, § 143. The defense of entrapment, as a complete bar to conviction, was created to avoid the evil of inducement by law enforcement officials or others of a person to commit a criminal act. But where the law enforcement officer merely affords an opportunity to one intending to violate the law, he does not induce the offense to be committed. The offender in such a case acts of his own will and is simply caught by his own devices. 21 Am.Jur.2d, Criminal Law, § 144.

Although we are unable to find an Alabama case directly on point, the decided weight of authority is to the effect that the defense of entrapment is not available, and requested charges on the law of entrapment are properly refused, where the defendant takes the witness stand and denies the commission of the offense charged. Longmire v. United States, 404 F.2d 326 (C.A.5 1968), certiorari denied, 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225; People v. Bernal, 174 Cal.App.2d 777, 345 P.2d 140; State v. Avery, 152 Conn. 582, 211 A.2d 165; Neumann v. State, 116 Fla. 98, 156 So. 237; People v. Banks, 103 Ill.App.2d 180, 243 N.E.2d 669; Reeves v. State, 244 So.2d 5 (Miss.); State v. Varnon, 174 S.W.2d 146 (Mo.). See Annotation: 61 A.L.R.2d 677.

We are of the opinion that such should be the rule in Alabama and we hereby adopt the following language from the *Neumann,* supra, decision:

" . . . a charge on the subject of entrapment is not authorized in a case where the defendant interposed no such defense, but is specifically contending that he neither committed nor participated in the offense charged."

■ Defendant also contends the court below erred in allowing cumulative, improper and prejudicial argument by the prosecutor. We are unable to agree. The first statement objected to at trial as improper is as follows:

"MR. RUSSELL: But if you go back there in that jury room, and you tell that man back there by your verdict when you come out here—you say he is not guilty, then you tell him that everything he has done, everything, has been useless."

We think the trial court acted within its broad discretion in overruling defense counsel's objection to the above quoted remark of the prosecutor. Statements of the prosecutor, which are merely arguendo of his opinion of the case, are generally within the limits of allowable forensic discussion. Sanders v. State, 260 Ala. 323, 70 So.2d 802, and cases cited therein.

■ The next statement defendant claims was erroneously allowed to stand over objection is as follows:

"MR. RUSSELL: Certain types of crimes are · called crimes involving moral turpitude, and only those crimes —only those crimes—are the only ones that can be used against a witness when he takes the stand."

Counsel for the defendant interposed the following objection:

"MR. REDDEN: I object, may it please the Court. Any felony may be shown."
To this objection the court responded thusly:

"THE COURT: It is the law, as I understand it—the ·State law is that it has to be a crime involving moral turpitude. So I overrule the objection."

Defendant is claiming (for the first time on appeal) the above quoted statement of the prosecutor was improper and prejudicial and the objection thereto should have been sustained. While an objection at trial founded upon the prejudicial nature of the prosecutor's above statement may have been properly sustained, it is clear from defense counsel's objection that same was founded not on prejudice but on the question of its correctness. We are not unimpressed with defendant's argument that the obvious singular import of such argument was to imply to the jury that defendant had in fact committed other offenses which the district attorney would have revealed to the jury but for the "moral turpitude" rule. We think it apparent that this was the only purpose intended by such argument, and that had defense counsel elected to ground his objection on the prejudicial effect of such argument it would have been incumbent upon the trial judge to sustain such objection and to instruct the jury appropriately thereto if requested to do so. Such argument clearly does not come within the "allowable forensic discussion" rule set out in *Sanders,* supra.

■ Our holding affirming the trial court's overruling of the objection is not to be understood as upholding such prejudicial argument, but is founded on the fact that the ground stated in the objection to the argument did not invoke a ruling of the court based on the prejudicial effect of the argument; nor was this contention made a ground of the defendant's motion for a new trial. Consequently, since we may review only the rulings of the trial court, we find that the above objection was properly overruled. See Anderson v. State, 209 Ala. 36, 95 So. 171.

■ As to the specific objection, the rule in this jurisdiction is that a witness may be cross-examined about his former conviction of a crime involving moral turpitude for the purpose of attacking his credibility. Caldwell v. State, 282 Ala. 713, 213 So.2d 919; Title 7, § 434, Code of Alabama 1940 (Recomp.1958). All felonies do not per se involve moral turpitude. For a list of cases illustrating felonies not involving moral turpitude, see McGovern v. State, 44 Ala.App. 197, 205 So.2d 247.

The third statement made by Mr. Russell in his closing argument which the defendant contends was erroneously allowed is as follows:

"MR. RUSSELL: Let me ask you this: I know you have read the newspapers. You have watched television. You have seen all this going on about—"

At this point defense counsel objected on the grounds that the above argument was outside the evidence. Although the statement in the record is incomplete, for the reasons discussed earlier in *Sanders,* supra, we are convinced the trial court did not err in overruling defense counsel's objection.

We have reviewed the matters raised in defendant's brief on appeal and have examined the entire record for error as required by law. Finding no error the case is due to be and is hereby affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.