This is a divorce case.
Joe Mack Ford and Julia Ann Ford were married in 1960. Three children were born of the marriage, namely Toni Allison, Scott Wells, and Jon Craig.
The husband filed for divorce on November 21, 1980 on the grounds of incompatibility of temperament. He testified that the parties had had marital problems for approximately five years. Finally in October 1980 he decided to move out of the marital home.
At the time of the divorce decree both parties were employed. The husband was employed as a dean at Gadsden State College earning approximately $34,000 a year. He is also presently serving as a state legislator. Further, he holds the rank of lieutenant colonel in the National Guard. The wife is a tenured teacher at Gadsden Junior College.
The parties lived in a home valued at approximately $50,000. The wife presented evidence that the home was in need of a great deal of repair work.
The husband also bought the home in which he is presently living. It is valued at $21,000, with an outstanding mortgage of $11,000. Also the parties own two other houses, both of which have outstanding mortgages, but which are leased under different arrangements.
There is also evidence that the husband has several different stock accounts. Some of these accounts were set up for the children's education with the husband as custodian. The testimony indicates that the money for these accounts was acquired by the wife through inheritance.
The daughter was attending the University of Alabama at the time of the divorce. The two sons were enrolled in a private school. The husband testified that he was paying these educational expenses and would continue to do so.
On March 31, 1981 a final decree of divorce was entered. In that decree the wife was awarded title to the marital home and all the furnishings except for a few of the husband's personal belongings. She also was awarded a 1970 model station wagon. The husband was ordered to pay the mortgage and $2,000 for home repairs. The husband was awarded title to all of the other marital property including the stocks but also had to assume all of the marital debts. The decree required him to pay $350.00 per month to the wife as child support. *Page 791 
He was required to pay all of his children's school expenses including tuition and books, and the children were made beneficiaries of his life insurance until they reached their majority.
The wife filed a motion for new trial which was deemed denied after the passage of ninety days. She then filed her appeal to this court.
In this appeal two issues are raised. First the wife contends that the trial judge should have recused himself because of possible bias. Second she contends that the trial court abused its discretion in the division of property.
The wife filed a motion for recusal in the trial court on March 5, 1981. The trial court after hearing the evidence on the recusal motion denied the wife's petition and proceeded to hear the case.
The wife argues that she showed substantial evidence of possible bias on the part of the trial judge, and as a result he had a duty to recuse himself. Part of the wife's argument for recusal stems from the fact that the husband is a member of the state legislature. She showed that a man who had worked in her husband's campaign had also worked in the judge's campaign. This man's wife was bailiff in the judge's court. Also she argues that the judge was possibly biased because the husband had voted for a bill granting a pay raise to circuit judges.
The husband also admitted to seeing the trial judge on at least two occasions at political gatherings. He mentioned to the judge that he had filed for divorce and asked that the hearing be set as soon as possible. The wife states that the judge showed his bias by setting the hearing for a very early date. She presented evidence to show that several other cases that were filed at the same time were set for hearing at much later dates. The wife argues that because of the early hearing date the husband did not answer several of her interrogatories, and that the trial court went ahead and heard the case without requiring the husband to answer the interrogatories.
It is the wife's argument that all of these factors taken as a whole constitute substantial grounds to require recusal. We do not agree.
The Canons of Judicial Ethics, Canon 3 (C)(1) provides:
 A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) He has a personal bias or prejudice concerning a party. . . .
In denying the recusal motion the trial judge stated that he had no bias or prejudice. He also stated that although he knew both of the parties he did not know either of them well.
The wife argues that the case of Wallace v. Wallace,352 So.2d 1376 (Ala.Civ.App. 1977) is applicable to the present case. In Wallace we required the trial judge to recuse himself because he had been appointed to office by Governor Wallace and because Governor Wallace was a close personal friend of the judge's family. The wife contends that considering all of the factors in the present case, recusal is also necessary.
In the instant case, we cannot say that the evidence is so substantial as to show possible bias. There is no showing that the trial judge had any personal relationship with the husband except having met him at political functions. Just because one of the husband's campaign workers also worked for the judge does not show possible bias. The husband stated that he had no knowledge of this arrangement. Also, the wife's theory that the judge might be prejudiced because the husband supported a pay increase for circuit judges would serve only to disqualify every circuit judge in the state.
Recusal is not required where there is not substantial evidence to support an accusation of bias. Marr v. Marr,383 So.2d 194 (Ala.Civ.App. 1980). In this case taking into consideration all of the wife's arguments, we cannot find substantial evidence of bias. The trial judge held a full hearing on the merits. He recognized that the husband *Page 792 
had not answered certain interrogatories and told the husband to produce the requested information. He also assured the wife that ample opportunity would be given her after the information was produced to question the husband. As a result we cannot find that the trial judge erred in failing to recuse himself.
The wife also contends that the property division constituted an abuse of discretion. Division of property is within the sound discretion of the trial court and will not be reversed on appeal absent palpable abuse. Armstrong v. Armstrong,391 So.2d 124 (Ala.Civ.App. 1980). In the present case we cannot find such an abuse of discretion so as to constitute reversible error.
The wife, in her brief, has argued that the property settlement disproportionately favors the husband. In looking over the decree we cannot find this to be the case.
The wife received the marital home and all the furnishings. The husband was required to pay the mortgage and $2,000 toward needed repairs. The husband received all the other property, which included a home valued at $21,000 but with a mortgage of $11,000. Likewise, on some of the other property, there were outstanding mortgages. The husband assumed all of these debts.
Both parties worked, and it is clear had the ability to support themselves. The wife has not shown that the property division is so inequitable as to require reversal.
The wife also argues that the trial court abused its discretion in the award of $350.00 a month as child support. Again, we cannot agree.
Not only is the husband required to pay $350.00 to the wife, but he is also required to pay educational expenses and health insurance. His children are made beneficiaries of his four life insurance policies.
The two sons attend private school. As part of the decree the husband is required to pay their tuition. The husband is also presently paying for the daughter to attend the University of Alabama. The husband has also bought the daughter a car. The testimony indicated that these school expenses cost several thousand dollars every year.
The wife also argues that the award of all the stock accounts to the husband constituted abuse. However, we note that the accounts she is concerned about were set up for the children's education. As long as the husband is required to pay these expenses, we cannot say it was error to award him money set aside for this purpose.
As a result, we cannot find that the trial court abused its discretion; accordingly, its judgment is affirmed.
The wife's request for an award of attorney's fees is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.