First degree robbery; life without parole.
On March 28, 1980, Mrs. Maurice Dandy was working at Luther's Snack Bar, of which she was a co-owner, in Pratt City, Jefferson County, Alabama, when she was robbed at gunpoint of approximately one-hundred to one-hundred and fifty dollars. Dandy identified the appellant at trial as the black male who robbed her and described the gun he had as "silver and big." There were no other witnesses to the alleged robbery and the State rested after Dandy testified.
The appellant testified in his own behalf and denied committing the robbery. He stated that he was in California on the date of the robbery, he had been there since December, 1979, and he remained there until May 24, 1980, when he boarded an airplane for Atlanta. According to appellant, he arrived in Birmingham on May 25, 1980, and went that evening to Luther's Snack Bar where he bought a "hamburger and chili dog." Appellant testified that, prior to this visit, the "last time" he had been in the snack bar was in December, 1979.
During cross-examination he denied owning or having a pistol, but acknowledged that he owned "an antique pistol, a .22," which was still in California. He also acknowledged that he knew John Moore, but denied being in Moore's store on April 8, 1980.
The appellant admitted having five prior felony convictions. Three of these convictions, two for grand larceny and one for robbery, occurred in 1966, when he was approximately fifteen years of age, and resulted in sentences totalling twelve years. Further, it was shown that, subsequent to the robbery in the instant case, appellant was twice convicted of first degree robbery and sentenced to twenty years in one case and life without parole in the other.
After the appellant testified, the State called John Moore as a rebuttal witness. Moore testified that he had known appellant for approximately fourteen years and that the appellant came to his "confectionary" store around 8:00 or 8:30 on the morning of April 8, 1980. After talking to Moore some thirty-five minutes, appellant demanded Moore's car keys at gunpoint. Moore stated that the weapon used was a "nickel plated" pistol. According to Moore, he gave the appellant his car keys and appellant then left in his (Moore's) car.
The presentation of evidence concluded with Moore's testimony. The jury subsequently found appellant guilty of first degree robbery. Pursuant to Alabama's Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, the trial judge sentenced appellant to imprisonment for life without parole.
 I
The appellant contends that the trial court committed reversible error in allowing the State to introduce evidence of an unrelated criminal offense alleged to have been committed by him. He argues that the robbery at gunpoint of Moore's car on April 8, 1980, was inadmissible under the general exclusionary rule which prohibits the introduction of evidence concerning other offenses by an accused. See generally C. Gamble,McElroy's Alabama Evidence, § 69.01 (3d ed. 1977).
The testimony appellant objects to was rebuttal evidence. The admission of rebuttal evidence is within the discretion of the trial judge. Crow v. State, 365 So.2d 1254 (Ala.Cr.App. 1978),cert. denied, 365 So.2d 1256 (Ala. 1979). "The State may, in the discretion of the trial court, introduce in rebuttal any competent evidence which explains or is a direct reply to or acontradiction of material evidence by the defendant." Sprinklev. State, 368 So.2d 554 (Ala.Cr.App. 1978), writ quashed,368 So.2d 565 (Ala. 1979) (emphasis added). The appellant had testified that 1) he was not in Birmingham between December, 1979, and May 25, 1980, 2) he did not own or have a gun in *Page 651 
Birmingham, and 3) he was not in Moore's store on April 8, 1980. Moore's rebuttal testimony contradicted each of these points. We find no abuse of discretion in its admission.
 II
Appellant insists that he should not have been sentenced as a habitual felony offender because the three prior felony convictions used to enhance his punishment occurred when he was fifteen years of age. Appellant argues that had the Youthful Offender Act been in existence at the time of these convictions "he would most likely have been afforded treatment as a youthful offender and have avoided a felony conviction."
Appellant's 1966 convictions occurred more than five years before the effective date of the Youthful Offender Act, §§15-19-1 through 15-19-7, Code of Alabama 1975. This Act has no retroactive application. Morgan v. State, 291 Ala. 764,287 So.2d 914 (Ala. 1973). Therefore, subsequent to the passage of the Act, appellant could not have been granted youthful offender status for the 1966 convictions and thereby availed himself of any of the other benefits of the Act, such as the three-year maximum sentence found in § 15-19-6 (a)(4). It follows, then that he cannot benefit from § 15-19-7 (a), which provides that a determination that one is a youthful offender "shall not be deemed a conviction of crime."
Moreover, the granting of youthful offender status rests in the discretion of the trial court, Ala. Code § 15-19-1 (1975);Morgan v. State, 363 So.2d 1013 (Ala.Cr.App. 1978), and "[n]othing in the Constitution or legislature guarantees youthful offender treatment to all defendants under twenty-one years of age," Thompson v. State, 354 So.2d 1132 (Ala. 1977). Whether appellant would have been granted youthful offender treatment for the two larcenies and one robbery committed in 1966 is a matter of conjecture and not properly an issue before this court.
The three felony convictions were admitted by appellant at trial. In addition, the State offered evidence of these convictions at the sentencing hearing and this evidence affirmatively showed that appellant was represented by counsel at the time of the convictions. In our judgment, the trial court properly considered the three prior felonies for enhancement purposes.
The judgment of conviction by the Jefferson Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.