494 So.2d 870 (1986)
Lamar Franklin NOAH
v.
STATE.
7 Div. 378.
Court of Criminal Appeals of Alabama.
May 27, 1986.
Rehearing Denied June 24, 1986.
Certiorari Denied August 22, 1986.
Ralph Brooks of Brooks & Brooks, Anniston, for appellant.
Charles A. Graddick, Atty. Gen., and David B. Karn, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 85-1154.
McMILLAN, Judge.
The June 1984, term of the Calhoun County Grand Jury indicted the appellant for the offense of unlawfully selling, furnishing, or giving away marijuana in violation of § 20-2-70, Code of Alabama (1975). He was found guilty as charged in the indictment and sentenced to twenty-five years' imprisonment, in accordance with the Habitual Felony Offender Act.

I.
Appellant contends that the trial court erred by failing to dismiss the indictment. He alleges that the indictment should have been dismissed since the person who signed *871 as foreman of the grand jury did not take part in the deliberations or the vote.
The foreman of the grand jury testified, at the grand jury proceedings against the appellant, that on October 4, 1983, while acting in his official capacity as a narcotics agent for the Alabama Bureau of Investigation, he received marijuana that had been purchased from the appellant by an undercover narcotics agent. The foreman testified that he delivered the sealed package containing the marijuana to the crime lab after receiving the same from the undercover narcotics agent. He also testified that after the inspection of the package was completed by the crime lab, he transferred the package to the evidence locker. The foreman did not take part in the actual deliberations in appellant's case before the grand jury because of his previous testimony in the case against the appellant. He recused himself from both the deliberations and the voting.
Section 12-16-204 of the Code of Alabama (1975) reads as follows:
"The concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found, it must be endorsed `a true bill' and the endorsement signed by the foreman."
The intent of the legislature in passing the aforementioned section was to insure that an accused would be brought before at least twelve of his peers to determine whether sufficient evidence exists against him to warrant a trial on the crime allegedly committed.
Although the foreman did sign the endorsement as a "true bill" in compliance with § 12-16-204, Code of Alabama (1975), he did not participate in either the deliberations or the vote. The court clerk testified that a proper "true bill" was returned and the trial court also examined the grand jury book. The trial judge thereafter overruled the appellant's motion to quash the indictment after satisfying himself that the grand jury true bill was proper and complied with the statutory requirements of § 12-16-204.
It is undisputed that the grand jury foreman's only connection with the proceedings in this case was the mere formality of endorsing the true bill. The United States Supreme Court addressed the function of the grand jury foreman in Hobby v. United States, 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984). Although the court in Hobby addressed facts distinguishable from the case sub judice, the court clearly enunciated the role of the grand jury foreman:
"As rule 6(c) [Federal Rules of Criminal Procedure] illustrates, the responsibilities of a federal grand jury foreman are essentially clerical in nature: administering oaths, maintaining records, and signing indictments. The secrecy imperative in grand jury proceedings demands that someone `mind the store,' just as a secretary or clerk would keep records of other sorts of proceedings. But the ministerial trappings of the post carry with them no special powers or duties that meaningfully affect the rights of persons that the grand jury charges with a crime beyond those possessed by every member of that body. The foreman has no authority apart from that of the grand jury as a whole to act in a manner that determines or influences whether an individual is to be prosecuted. Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." Id., at 468 U.S. 344-45, 104 S.Ct. at 3096-97.
It is this court's opinion that the rationale set forth in Hobby is applicable in Alabama as well. The signing of a true bill by the grand jury foreman is a clerical duty and is nothing more than a mere formality. In the case sub judice, the foreman's conscientious recusal from the deliberations was a mere safeguard taken to uphold the integrity of the grand jury proceedings and in no way prejudiced the appellant.
We can find no error resulting from the failure of the foreman to participate in the deliberations or the vote in the this case. Furthermore, the appellant has *872 failed to affirmatively show how he has been prejudiced by the non-participation of the grand jury foreman. We further find that the grand jury foreman acted properly in complying with the formalities of § 12-16-204 by signing the true bill; therefore, the appellant's argument must fail.

II.
Appellant's second contention is that the trial court erred in sentencing him as a habitual felony offender since the record reflects that in regard to the prior convictions, the appellant could have been treated as a youthful offender, had the Youthful Offender Act been in effect at the time the prior acts were committed.
The case of Norris v. State, 429 So.2d 649 (Ala.Cr.App.1982), is dispositive of this issue. In Norris, the appellant argued that had the Youthful Offender Act been in existence at the time of his conviction, "he would most likely have been afforded treatment as a youthful offender and would have avoided a felony conviction."
Norris held that the Youthful Offender Act has no retroactive application. See also Morgan v. State, 291 Ala. 764, 287 So.2d 914 (1973). Norris went on to state that an accused cannot be granted youthful offender status for prior convictions and thereby avail himself of any of the benefits of the Act. "It follows, that an accused cannot benefit from § 15-19-7(a), which provides that a determination that one is a youthful offender `shall not be deemed a conviction of a crime.'" Norris, at 651. Whether an accused would have been granted youthful offender treatment for prior convictions he received while under the age of twenty-one, but prior to the passage of the Youthful Offender Act, is a matter of conjecture and not a proper issue for consideration by this court. Norris, supra.
In the case at bar, two prior felony convictions were offered by the State at appellant's sentencing hearing. The evidence offered by the State showed that appellant was represented by counsel at the time of the conviction. The trial court acted properly in considering appellant's prior felony convictions under the Habitual Felony Offender Act.
This court having carefully searched the record for errors injuriously affecting appellant's substantial rights, and having found none, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur, with TYSON, J., concurring specially.
TYSON, Judge, concurring.
I concur, wholeheartedly, in the majority opinion prepared by my brother judge, Judge McMillan. I write because I am concerned that counsel or some reviewing court might suggest that this court had not considered the possibility of a "conflict of interest" by virtue of Mr. Cecil McElvaine's serving both as foreman of the Grand Jury and as a witness for the prosecution in this cause.
As noted in the majority opinion, Mr. McElvaine's activities in the case were relatively minor in that he was the conduit, or party, who picked up the purchased marijuana and took same to the toxicologist's office for examination.
Further, as pointed out in the majority opinion, Mr. McElvaine did not testify or engage in any deliberations while serving on the Grand Jury. True, he did sign the indictment as foreman, but refrained from voting while so serving.
It should be here pointed out that McElvaine was a deputy sheriff carrying out his duties in the investigation of the appellant's case. He was not a member of the Bar of Alabama, nor a member of the judiciary, both of whom are regulated by Canons of Ethics.
Section 12-1-12, Code of Alabama 1975, specifically provides, with reference to members of the judiciary, the following:
"No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity *873 or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney without the consent of the parties entered of record or put in writing if the court is not of record."
See also Canons of Judicial Ethics of Alabama, Canon 3, Part C.
Thus, an appellate judge who had prior knowledge of the appellant's background and of the nature of the offense at issue should recuse himself, Baker v. State, 52 Ala.App. 699, 296 So.2d 794 (1974).[1] Similarly, an appellate judge should recuse himself though there was no apparent discussion between the appellate judge and his brother who served as foreman of the petit jury. Nevertheless, under the foregoing provisions of law, the judge should recuse himself. Woodward v. State, 52 Ala.App. 524, 294 So.2d 772 (1974).
Moreover, where appellate judges have served as counsel for some of the appellant parties, or are members of the associations who are parties appellant, such judges should properly recuse themselves. Associated Industries of Alabama v. State, 55 Ala.App. 277, 314 So.2d 879 (1975). Likewise, a trial judge who had been appointed to office by a particular Governor and was a close personal friend of the Governor's family may be required to recuse himself in a specific case. See Wallace v. Wallace, 352 So.2d 1376 (Ala.Civ.App.1977). However, where appellate judges who were former assistant attorneys general were not barred from deciding criminal cases on appeal by virtue of their former employment unless they possess some actual disqualifying knowledge of the cases then before the court. See Payne v. State, 48 Ala.App. 401, 265 So.2d 185, cert. denied, 288 Ala. 748, 265 So.2d 192, cert. denied, 409 U.S. 1079, 93 S.Ct. 703, 34 L.Ed.2d 669 (1972) and Jacobs v. State, 343 So.2d 1243 (Ala. Crim.App.1977). Bias or prejudice with reference to the conduct of a trial judge must be shown and may not be presumed or inferred from his subjective views. See Hartman v. Board of Trustees of the University of Alabama, 436 So.2d 837 (Ala. 1983).
Prejudice on the part of a judge should not be presumed, Duncan v. Sherrill, 341 So.2d 946 (Ala.1977). Such disqualification may also be waived by the parties if they proceed to trial without objection. MacMahon v. Baumhauer, 234 Ala. 482, 175 So. 299 (1937) and Ross v. Luton, 456 So.2d 249 (Ala.1984).
Recusal is not required where there is not substantial evidence to support an accusation of bias. Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980); Ford v. Ford, 412 So.2d 789 (Ala.Civ.App.1982).
Therefore, the mere fact that a trial judge had formerly been district attorney of a county prior to his becoming circuit judge and had prosecuted a given defendant while serving as district attorney, standing alone, would not require recusal. Ray v. State, 398 So.2d 774 (Ala.Crim.App. 1981).
Similarly, where the assistant district attorney who prosecuted the appellant at trial had formerly been associated with the law firm which represented the appellant at trial did not require disqualification on the part of the assistant district attorney absent some information on his part showing prior disqualifying knowledge. Terry v. State, 424 So.2d 710 (Ala.Crim.App.1982).
Moreover, where the district attorney's law partner, who possessed no disqualifying knowledge when the Grand Jury was convened, was competent to serve as a member of the Grand Jury and be foreman of the Grand Jury which indicted a given appellant. See Terry v. State, 424 So.2d 710 (Ala.Crim.App.1982); Ervin v. State, 442 So.2d 123 (Ala.Crim.App.1983); Eddings v. State, 443 So.2d 1308 (Ala.Crim. App.1983).
As herein noted, sheriffs and their deputies are not regulated by such codes of *874 professional conduct. Nevertheless, in the case at bar, the deputy sheriff who served as foreman of the instant Grand Jury and who testified in this cause, was most careful not to participate in the deliberations before the Grand Jury, nor vote as a member of same, in returning this indictment.
On the basis of the foregoing, I find no basis for a suggestion of "conflict of interest" whatsoever in the manner in which this case was handled.
Likewise, such disqualification may be waived by not presenting same at or during the trial or such may be waived by instrument in writing signed by the parties and their attorneys and placed of record without knowledge on the part of the court prior to trial. Section 12-1-12, Code of Alabama 1975. State v. Eley, 423 So.2d 303 (Ala.Crim.App.1983), (judge, whose nephew by marriage was member of law firm, might sit in given case where waiver of disqualification was signed and filed by parties before argument).
For the reasons herein stated, I join with my brothers in affirming this cause.
NOTES
[1] See also Hale v. State, 346 So.2d 489, cert. denied, 346 So.2d 492 (1977).