ADAMS, Justice.
Petitioner, Mike Davis, was convicted of selling cocaine and was sentenced to a term of six years in prison and fined $1,000.00. A request for probation and a motion for a new trial were both denied. The Alabama Court of Criminal Appeals affirmed the conviction on October 14, 1986, without opinion, and denied Davis’s application for a rehearing and his Rule 39(k), A.R.App.P., motion without comment, 502 So.2d 398. Petitioner argues that the Court of Criminal Appeals erred in affirming the judgment of the trial court and argues three bases for reversal. We granted certiorari to determine the following:
(1) Whether the trial court erred by allowing evidence of a separate, subsequent offense;
(2) Whether the trial court erred in charging the jury on the defense of entrapment after the defendant had denied committing the act charged in the indictment;
(3) Whether the defendant was denied effective assistance of counsel.
Davis was convicted of selling cocaine to Pat Gulley, a woman known to have used drugs. She was working with a police undercover agent at the time of the alleged crime. Gulley testified that she and Davis met at Davis’s father’s service station on December 3, 1983, and that Davis told her he would contact her later. She stated that Davis failed to keep an appointment to meet her later that afternoon at a drug store, but stopped at her house that evening. When Davis stopped his truck, Jay Ivey, the undercover agent posing as Gulley’s boyfriend, asked him if he had cocaine. Davis claims that he told Ivey that he had no cocaine and that he asked Ivey to send Gulley out to the truck. Ivey testified that Davis acknowledged he had cocaine *232 and that Ivey returned to the house and sent Gulley out to the truck with five $20.00 bills.
Gulley claims that after getting into the truck she bought the cocaine, paid Davis the money, left the truck, and handed the cocaine to Ivey. Ivey testified that he saw Gulley pick up something from the dashboard of the truck. Davis testified that when Gulley got into the truck, he told her not to ask him for any more drugs, or that he would go to the police and swear out a warrant against her. Davis testified that Gulley had doggedly persisted in trying to buy drugs from him, and had also asked him to obtain “hot” credit cards for her. Gulley denied having contacted Davis frequently, or having asked him for credit cards, but admitted having sold marijuana.
Ivey also testified that on January 5, 1984, in a restaurant parking lot, Gulley sought to buy cocaine from Davis again but that Davis had none. The State alleges that on that occasion Davis gave Gulley a marijuana cigarette. Davis denies having given Gulley the marijuana when he met her on January 5, and claims instead that testimony by police agents concerning the incident was inadmissible hearsay. We agree.
Gulley did not testify concerning the January 5, 1984, meeting with Davis in the restaurant parking lot. The trial court allowed police agents Jay Ivey and Tom Little and Deputy Walter Clem Price to testify about the incident even though they had no direct knowledge of what occurred. None of the officers saw or heard what transpired between Gulley and Davis at the January 5 meeting. The trial court ruled that their testimony was admissible, nevertheless, because “with the defense of entrapment almost anything this defendant has done in the way of narcotics violation[s] is admissible.” The State also argues that because Davis testified that he did not sell marijuana to Gulley, the testimony of the police agents and Deputy Price was admissible to rebut Davis’s assertion. Both the trial court and the State are incorrect.
The defendant did not raise the defense of entrapment; therefore, the court’s rationale that the testimony is admissible when a defense of entrapment is asserted was inapplicable here. Davis testified at trial in his own defense and denied selling cocaine to Gulley on December 3, 1983, as charged in the indictment. We held in Owens v. State, 291 Ala. 107, 278 So.2d 693 (1973), that the rule stated in Neumann v. State, 116 Fla. 98, 156 So. 237 (1934), regarding entrapment, is the rule in Alabama as well:
Although we are unable to find an Alabama case directly on point, the decided weight of authority is to the effect that the defense of entrapment is not available, and requested charges on the law of entrapment are properly refused, where the defendant takes the witness stand and denies the commission of the offense charged. [Citations omitted.]
Owens, supra, 291 Ala. at 111, 278 So.2d at 696. Here, the court not only used the entrapment defense as the basis for admitting the officers’ hearsay testimony, but later instructed the jury on entrapment— even though the defendant did not raise entrapment as a defense.
In Norris v. State, 429 So.2d 649 (Ala.Cr.App.1982), the court held:
“The State may, in the discretion of the trial court, introduce in rebuttal any competent evidence which explains or is a direct reply to or a contradiction of material evidence by the defendant.” Sprinkle v. State, 368 So.2d 554 (Ala.Cr.App.1978), writ quashed, 368 So.2d 565 (Ala.1979) (emphasis added).
Id. at 650. Over the objection of defense counsel, the State succeeded in introducing hearsay testimony intended to rebut Davis’s direct testimony that he had never sold marijuana to Gulley. On cross-examination, Davis testified that he never gave or sold marijuana to Gulley. The trial court erroneously permitted the introduction of hearsay testimony to rebut Davis's testimony. As noted, the court’s rationale for allowing the hearsay testimony was wrong, because Davis did not raise the defense of entrapment. Furthermore, contrary to the circumstances presented in Norris, supra, the hearsay testimony by the officers was not competent evidence. There is no question that the officers’ *233 knowledge of the January 5, 1984, meeting between Gulley and Davis was based upon what Gulley allegedly told agent Tom Little. Assuming, arguendo, that a court is acting within its discretion in admitting such hearsay evidence in rebuttal when the defense of entrapment has been raised, this case is easily distinguishable because the defense did not raise entrapment.
We have held that when a person is on trial for the commission of a particular crime, evidence of another criminal act
“is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This rule is generally applicable whether the other crime was committed before or after the one for which the Defendant is presently being tried.”
Ex parte Tucker, 474 So.2d 134 (Ala.1985); see also, Loggins v. State, 52 Ala.App. 204, 290 So.2d 665 (Ala.Cr.App.1974); Van Nostrand v. State, 51 Ala.App. 494, 286 So.2d 903 (Ala.Cr.App.1973); Garner v. State, 269 Ala. 531, 114 So.2d 385 (1959).
In short, the hearsay testimony by the officers was not admissible on the grounds that Davis had raised entrapment as a defense — he had not. It was not competent evidence to rebut Davis’s testimony that he never gave or sold Gulley marijuana, because none of the officers had personal knowledge of what transpired at the January 5, 1984, meeting. In any event, testimony concerning a separate and completely unrelated criminal act was not admissible.
Because of our resolution of petitioner's first two issues, we do not reach petitioner’s final issue.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.