The appellant, Donald Richard Wells, was convicted of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced, pursuant to the Habitual Felony Offender Act, to 5 years' imprisonment.
The state's evidence presented at trial tended to show that in June 1988, the appellant sexually abused T.L.,[1] a ten-year-old child. T.L. testified that she was spending the night with her cousin, the appellant's daughter, when the incident occurred. T.L. said that the appellant, his daughter, and T.L. were all sleeping in the same bed. T.L. further testified that during the night, she was awakened and saw the appellant leaning over her. She testified that the appellant was rubbing his penis on her panties on the area covering her vagina. She testified that she could see his penis. T.L. said that she got out of the bed and slept on the sofa the rest of the night.
The appellant presents four issues for review.
 I
First, the appellant argues that he was denied his Sixth Amendment right to a speedy trial. The appellant was arrested on November 1, 1991, and his trial began 13 months later on December 7, 1992. In reviewing a speedy trial issue, this court must apply the four factors set forth in Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We must consider (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right to a speedy trial, and (4) the prejudice to the defendant.
The right to a speedy trial attaches when the defendant is arrested. Russaw v. State, [Ms. 91-1773, April 16, 1993], 1993 WL 213875 (Ala.Cr.App. 1993). In this case, 13 months elapsed between the appellant's arrest and his trial. It appears from the record that most of the delay in bringing this case to trial was caused by the appellant's dissatisfaction with his attorneys and the resulting appointment of new counsel.
Although the appellant did assert his right to a speedy trial in April and in December 1992, it does not appear that the state did anything to delay this case. He contends that he was prejudiced because he was incarcerated while he awaited trial and because he could not therefore locate witnesses and prepare an adequate defense. The appellant was, however, represented by counsel, who had the opportunity to locate and question witnesses. The appellant has failed to show how he was prejudiced by the delay.
After reviewing the factors enunciated in Barker, we find that the appellant's right to a speedy trial was not violated by the 13-month delay.
 II
The appellant also argues that the circuit court erred in denying his motion for a mistrial. During the appellant's testimony at trial, the state asked about a prior conviction for attempted sexual abuse. The appellant later objected, out of the hearing of the jury, to this line of questioning and moved for a mistrial. The court denied the motion, and instructed the jury that it could consider the evidence of the *Page 230 
prior conviction for impeachment purposes only.
Here, evidence that the appellant had been convicted of a crime involving moral turpitude was admissible to impeach his credibility as a witness. The court correctly limited the use of this evidence to impeachment purposes. A proper limiting instruction is deemed to cure the effects of prejudicial remarks made before a jury. Soriano v. State, 527 So.2d 1367
(Ala.Cr.App. 1988). The court did not err in refusing to grant the appellant's motion for a mistrial.
 III
The appellant argues that the state committed prosecutorial misconduct by giving details of the appellant's prior conviction for attempted sexual abuse. The appellant, however, failed to object to any comments by the prosecutor on this ground. This court's jurisdiction is appellate only. This court cannot review an issue on appeal that was not first presented to the trial court for a ruling. Buice v. State, 574 So.2d 55
(Ala.Cr.App. 1990). This issue was not preserved for appellate review.
 IV
Last, the appellant argues that there was insufficient evidence presented at trial to support his conviction. Section13A-6-66, Code of Alabama 1975, provides, in pertinent part:
 "(a) A person commits the crime of sexual abuse in the first degree if:
". . . .
 "(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old."
When reviewing a sufficiency claim, we must view the evidence in the light most favorable to the state and we can not substitute our judgment for that of the jury. Marks v. State,581 So.2d 1182 (Ala.Cr.App. 1990). Here, the victim testified that the appellant was rubbing his penis on her panties when she awakened. At the time of the incident, the victim was less than 12 years old and the appellant was older than 16.
There was sufficient evidence presented to the jury to support the jury's verdict of guilty of sexual abuse in the first degree.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] The anonymity of the victim is being protected pursuant to Rule 52, A.R.App.P. *Page 923