Leon Bishop, the appellant, was convicted of sexual abuse in the first degree. He was sentenced as a habitual felony offender to serve four years in the penitentiary. He raises two issues on appeal.
 I.
The appellant contends that he was denied his constitutional right to a speedy trial. He argues that the five-year and eight-month delay between his arrest and trial constitutes prima facie evidence that the delay was prejudicial to his defense because memories fade over such lengths of time.
This issue was raised in a pre-trial motion to dismiss and in a post-trial motion for a new trial. The record contains no hearing on either of these motions. The trial judge made no finding of fact in connection with either motion. However, we have been able to construct the following chronology of events from a review of the entire record:
 August 13, 1987: The appellant is arrested on the felony charge of sexual abuse in the first degree. C.R. 1. The Morgan County District Court releases the appellant on bond. C.R. 7.
 September 4, 1987: Attorney Ralph Slate notifies the district court clerk that he will represent the appellant and that appellant's preliminary hearing will be waived. C.R. 8.
 September 15, 1987: The Morgan County District Court finds that the appellant has failed to timely request a preliminary hearing and he is bound over to the circuit court for grand jury consideration. C.R. 1.
 December 3, 1987: The grand jury returns a two-count indictment against the appellant charging him with rape in the first degree. C.R. 18-19.
 December 7, 1987: The indictment is served upon the appellant. C.R. 19. The Morgan County Circuit Court releases the appellant on bond. C.R. 17.
 January 15, 1988: The appellant is arraigned in Morgan County Circuit Court. *Page 396 
He appears with counsel and pleads not guilty. C.R. 11.
 March 30, 1992: The first trial date is continued due to a crowded docket. C.R. 23.
 April 15, 1992: The appellant files a motion to dismiss on the ground that he has been denied a speedy trial. The motion alleges that his original trial date was March 30, 1992, but his case was continued because it was not reached during that term of court. (This motion and the appellant's motion for a new trial contain the only reference in the record to a March 30 trial date). C.R. 23-24.
 April 7, 1993: The appellant's request for witness to appear on this date indicates that his case was set for trial this day. C.R. 21. There is no other notation in the record specifying this as a trial date.
 April 22, 1993: The appellant's trial is conducted and he is found guilty of sexual abuse in the first degree. C.R. 9, 30.
 May 6, 1993: The appellant files a motion for a new trial alleging that the trial court's failure to dismiss his case on the ground of the denial of a speedy trial grounds was error. C.R. 31.
In determining whether a defendant has been denied a speedy trial, this Court utilizes the four-part test set forth inBarker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192,33 L.Ed.2d 101 (1972). The test involves a weighing and balancing of four factors: 1) the length of delay, 2) the reason for the delay, 3) whether and how the defendant asserted his right to a speedy trial, and 4) any prejudice suffered by the defendant.
1. LENGTH OF DELAY: "The right to a speedy trial attaches when the defendant is arrested. Russaw v. State, [624 So.2d 234
(Ala.Cr.App. 1993)]." Wells v. State, 619 So.2d 228, 229
(Ala.Cr.App. 1993). The time from the appellant's arrest to trial was approximately five years and eight months. We find that this delay is presumptively prejudicial.
 "The first Barker criterion, the length of the delay, is a threshold requirement for finding a violation of the Sixth Amendment speedy trial right. If the delay is considered excessive, there will be a presumption of prejudice, and the court will consider the other Barker criteria.
". . . .
 "Although a defendant need not demonstrate prejudice to establish a Sixth Amendment speedy trial violation, courts are reluctant to find a Sixth Amendment violation without a showing of some prejudice. However, in Doggett [v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)], the Court held that a presumption of prejudice established by the first Barker criterion may alone constitute a sufficient showing of prejudice to the defendant, vitiating the need for a showing of actual prejudice where 'the presumption of prejudice, albeit unspecified, is neither extenuated . . . nor persuasively rebutted.' "
Project: Twenty-Second Annual Review of Criminal Procedure:United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 853, 1171, 1174 (1993) (footnotes omitted).
However, "as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry." Doggett, 505 U.S. at 652, n. 1,112 S.Ct. at 2691 n. 1.
2. REASON FOR DELAY: We are unable to determine the reason for the delay. The attorney general candidly admits: "The record will not aide this Court in determining the reason for the delay. There is no evidence indicating the reasons for or explaining the delay." Appellee's brief at 9 (emphasis in original).
3. ASSERTION OF RIGHT: The appellant first asserted his right to a speedy trial in a motion to dismiss filed on April 15, 1992 — four years and eight months after his arrest and approximately one year before his trial. We find that this assertion was tardy and weighs against the appellant's contention that his right to a speedy trial was violated.
The record contains no ruling on this motion, although there is an allegation in the *Page 397 
motion for new trial that "[t]he Court overruled this motion to dismiss." C.R. 31.
4. PREJUDICE: In his motion to dismiss, the appellant alleged that because of the delay he had "been hampered in his defense" but did not allege how his defense had been hampered. C.R. 23. In that motion, the appellant merely relied on the "presumption[s]" that "memory dims with time" and "that the defendant has been injured and hindered by this delay." C.R. 23-24. The record contains no specific allegation of how the delay prejudiced the appellant.
In his motion to dismiss the appellant alleged:
 "2. The defendant did not file and has not filed a motion for a speedy trial. The burden is not on the defendant to bring a case to trial, but it rests on the State of Alabama who is prosecuting the same. There is a presumption that memory dims with time. There is a presumption that the defendant has been injured and hindered by this delay on the part of the State of Alabama, and the defendant respectfully moves this Court to dismiss this case." C.R. 24.
Although "a mere pro forma demand" for a speedy trial should not "count for much," 2 W. LaFave J. Israel, CriminalProcedure § 18.2(d) at 409 (1984), the difficulty of proving prejudice has been recognized.
 "Barker explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' 407 U.S., at 532, 92 S.Ct., at 2193. And though time can tilt the case against either side, see id., at 521, 92 S.Ct., at 2187; [United States v.] Loud Hawk [474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986)], one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker
criteria, see Loud Hawk, supra, at 315, 106 S.Ct. at 656, it is part of the mix of relevant facts, and its importance increases with the length of delay."
Doggett, 505 U.S. at ___, 112 S.Ct. at 2692-93.
Under the facts of this case, this Court is unable to find that the appellant has been denied his right to a speedy trial. However, neither can we determine that he has not been denied a speedy trial. Therefore, it is the judgement of this Court that this cause be remanded to the trial court with directions that the trial court conduct an evidentiary hearing. The appellant shall have the right to be represented by counsel and the right to be present at that hearing. At the conclusion of the hearing, the trial court shall apply the four-part test ofBarker v. Wingo, supra, and enter specific and detailed written findings addressing the length of delay, the reason for the delay, the assertion of the right, and the prejudice to the appellant. The transcript of the hearing and the written findings of the trial court shall be forwarded to this Court within 120 days from the date of this opinion. On remand, should it become necessary, the trial court is authorized to grant the appellant whatever relief it deems reasonable. Furthermore, if a hearing has already been conducted and the trial court has the required information, the trial court may compile its written findings without holding another hearing.
 II.
The appellant contends that the trial court erred in allowing the State to call crisis intervention worker, Pam Leach, as a rebuttal witness. That argument is without merit.
 "The admission of rebuttal evidence is within the discretion of the trial judge. Crow v. State, 365 So.2d 1254 (Ala.Cr.App. 1978), cert. denied, 365 So.2d 1256 (Ala. 1979). 'The State may, in the discretion of the trial court, introduce in rebuttal any competent evidence which explains or is a direct reply to or a contradiction of material evidence by the defendant.' Sprinkle v. State, 368 So.2d 554 (Ala.Cr.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979) (emphasis added)."
Norris v. State, 429 So.2d 649, 650 (Ala.Cr.App. 1982). AccordEx parte Davis, 522 So.2d 231, 232 (Ala. 1987); Strong v.State, *Page 398 538 So.2d 815, 817 (Ala.Cr.App. 1988); Reese v. State,549 So.2d 148, 154 (Ala.Cr.App. 1989), overruled on other grounds,Huntley v. State, 627 So.2d 1013 (Ala. 1992); C. Gamble,McElroy's Alabama Evidence, § 433.01 (4th ed. 1991).
Ms. Leach was called by the prosecution to rebut the appellant's testimony that the allegations of sexual abuse had been fabricated by the victim and her mother in retaliation for criminal charges the appellant might bring against the victim's brother. The trial court allowed the State to call Ms. Leach as a rebuttal witness after the defense had rested its case.
Ms. Leach testified on direct examination that the Department of Human Resources began its investigation into allegations of sexual abuse by the appellant when a report was received from the victim's neighbor. She stated that the investigation was not initiated by a member of the victim's family. We find that the trial court did not abuse its discretion in permitting this witness to testify.
For the reasons stated in Part I of this opinion, this cause is remanded with directions.
REMANDED WITH DIRECTIONS.
All Judges concur.