The appellant, Michael Wayne Mansel, pleaded guilty to and was convicted of four counts of third-degree burglary and three counts of first-degree theft. He was sentenced to 10 years' imprisonment for each conviction, with all sentences to run concurrently. When he entered his guilty pleas, the appellant specifically reserved the right to appeal the trial court's denial of his application for youthful offender status and the court's denial of his motion to dismiss the indictment based on the state's alleged violation of his right to a speedy trial.
 I.
The appellant contends that the trial court erred in denying his application for youthful offender status. He maintains that the trial court denied his application without conducting any examination or investigation and after "reviewing nothing more than the record of the action."
"The trial court has almost absolute discretion in ruling on applications for youthful offender status, and the actions of the trial judge are presumptively correct in the absence of a showing to the contrary." Carden v. State, 621 So.2d 342, 345
(Ala.Cr.App. 1992).
 " 'When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. No prescribed format is required. Neither is the trial court required to articulate on the record the reasons for denying youthful offender status to a defendant.' "
Self v. State, 512 So.2d 811, 814 (Ala.Cr.App. 1987), quotingGoolsby v. State, 492 So.2d 635, 636 (Ala.Cr.App. 1986) (citations omitted).
 "It is sufficient if the order of denial reflects that some investigation, examination, or inquiry was conducted before the application for youthful offender status was denied. Talley v. State, 504 So.2d 741, 742-43 (Ala.Cr.App. 1987). A formal hearing on an application for youthful offender status is not required. Garrett v. State, 440 So.2d 1151, 1152 (Ala.Cr.App. 1983). Where it does not affirmatively appear that the trial court's decision was arbitrary or that it was made without any examination or investigation, there is no basis for overturning the trial court's decision. Wilson v. State, 563 So.2d 11, 12 (Ala.Cr.App. 1989)."
Carden, 621 So.2d at 345.
The record reflects that the trial court ordered an investigation on the appellant's application, that an investigation report *Page 236 
was prepared by the probation officer, and that the investigation report was provided to the trial court before the court denied the appellant's application. The record also reflects that the appellant failed to appear at the scheduled hearing on his application. Although a copy of the investigation report is not included in the record, the appellant has not supported his contention that the trial court's decision was made without any examination or investigation. We are unable to hold that the trial court abused its discretion in denying the application for youthful offender status.
 II.
The appellant contends that the trial court erred in denying his motion to dismiss the indictment based on the state's alleged violation of his right to a speedy trial. Specifically, he alleges that the interval of approximately 26 months between the issuance of the indictment and the date he was arrested and was first notified of the charges against him prejudiced his ability to present an adequate defense.[1]
The record reflects that at a pretrial hearing, the appellant presented the trial court with an oral motion to dismiss the indictment based on the state's alleged violation of his right to a speedy trial, at which time the trial court set the matter for a hearing to allow all sides to present evidence and to argue the issue. However, on the date that the motion was scheduled to be heard, the appellant was not present in court. The appellant's attorney and the state's attorney were present. After the appellant's attorney made a brief statement of the law concerning the speedy trial issue, the trial court, without finding that the appellant had voluntarily waived his right to be present, see Rule 9.1, Ala.R.Crim. P., and without hearing testimony or argument from the state regarding the reasons for the state's post-indictment delay in arresting the appellant, summarily denied the appellant's motion to dismiss the indictment. The trial court made no findings of fact in connection with the speedy trial issue.
At a subsequent hearing, the trial court denied the appellant's motion to reconsider its ruling on his motion to dismiss, apparently dissatisfied with the appellant's explanation for his absence from the earlier hearing. The appellant then entered guilty pleas to the charges against him, reserving for appeal at that time the speedy trial issue.
We have alternately stated that the speedy trial right is triggered by either the issuance of a warrant for arrest or the handing down of an indictment. See, e.g., Steeley v. City ofGadsden, 533 So.2d 671, 678 (Ala.Cr.App. 1988); Wheat v. State,662 So.2d 1218, 1220 (Ala.Cr.App. 1995). The four-part test to determine whether a defendant has been denied a speedy trial is set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182,2191-92, 33 L.Ed.2d 101 (1972). See Bishop v. State,656 So.2d 394 (Ala.Crim.App. 1994). The court must consider and weigh these four factors: (1) the length of delay, (2) the reason for the delay, (3) whether and how the defendant asserted his right to a speedy trial, and (4) any prejudice suffered by the defendant. Barker, 407 U.S. at 531, 92 S.Ct. at 2192.
This court has previously found delays substantially less than the one the appellant complains of here to be "presumptively prejudicial," requiring an examination of the remaining Barker criteria. See Ingram v. State, 629 So.2d 800
(Ala.Cr.App. 1993) (19-month delay presumptively prejudicial);Beaver v. State, 455 So.2d 253 (Ala.Cr.App. 1984) (16-month delay presumptively prejudicial). We find that the 26-month delay in this case is presumptively prejudicial.
The appellant maintains that the delay was the state's fault, because, he says, the state's officials could have easily located him during the time between the issuance of the indictment and the date he was arrested and notified him of the charges against him. He also maintains that the delay (caused by the state) prejudiced his defense because of witnesses' loss of memory and the inability to locate certain beneficial witnesses. *Page 237 
Because of the summary nature of the hearing on the appellant's motion to dismiss the indictment, the record in this case was not fully developed with respect to the appellant's speedy trial claim. The record, as it stands, does not aid this court in determining the reasons for the state's post-indictment delay in arresting the appellant. However, we recognize that the state's ability to present evidence concerning the relevant Barker criteria was compromised by the appellant's failure to appear at the hearing where the appellant's motion to dismiss was scheduled to be heard. Therefore, the state's failure to present such evidence at this point cannot be held against the state.
Under the facts here, as in Bishop, 656 So.2d at 397, "this Court is unable to find that the appellant has been denied his right to a speedy trial. However, neither can we determine that he has not been denied a speedy trial." Accordingly, this case is remanded to the trial court with directions for that court to conduct an evidentiary hearing on the appellant's motion to dismiss the indictment based on the alleged violation of his right to a speedy trial. The appellant has the right to be represented by counsel and the right to be present at the hearing. Following the hearing, the trial court should apply the four-part test of Barker and enter specific written findings addressing the length of the delay, the reason for the delay, the appellant's assertion of the right, and the prejudice to the appellant. The transcript of the hearing and the written findings of the trial court should be forwarded to this court within 140 days from the date of this opinion. On remand, should it become necessary, the trial court is authorized to grant the appellant whatever relief it deems reasonable.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] The appellant contends that only this interval (between the issuance of the indictment and his arrest) resulted in prejudice; he does not include in his calculation the time between the date of his arrest and the trial date.
* On February, 13, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 8, 1998, that court denied rehearing, without opinion.