On Application for Rehearing

PER CURIAM.
APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
THOMPSON, J., dissents.
MONROE, J., files statement addressing motion to recuse.
MONROE, Judge (addressing motion to recuse).
On October 17, 1997, while its application for rehearing was pending in this case, Alfa Financial Corporation filed a motion requesting that I recuse myself. As grounds for the recusal, Alfa Financial contends that my impartiality might reasonably be questioned because of an apparent political relationship between me and Gusty Yearout, one of the lawyers representing the plaintiffs. Alfa Financial cites a column that appeared in the Montgomery Advertiser saying that Yearout was heading a finance committee for my possible Supreme Court campaign.
At no time during the pendency of the case before this Court was Mr. Yearout a campaign manager or part of a campaign for my possible bid for the Supreme Court. Therefore, there is no reásonable question regarding my impartiality, thus no valid reason for recusal.
Furthermore, even if Mr. Yearout were associated with my campaign, recusal would not be required. No rule, either by statute or caselaw, requires recusal of a judge when an attorney in a case before that judge has been associated with that judge’s campaign. Even if Mr. Yearout were associated with my campaign, such an association would not constitute substantial evidence of bias requiring recusal. See Ford v. Ford, 412 So.2d 789 (Ala.Civ.App.1982).
The Judges’ Association of Alabama has long pushed for bipartisan elections of judges in this state. Unfortunately, the Legislature and other powers that be,have continued to require judges to run as members of one political party or another. As long, as we are forced to run in partisan elections, situations will arise in which an attorney associated with a specific judge’s campaign will have a case come before that judge. If we were to require recusal in such cases, we would be opening Pandora’s box leading to untold problems for probate judges, district judges, circuit judges, and appellate judges, all of whom must run for election to their judgeships and all of whom have had numerous attorneys associated with their campaigns.
*850 I have no personal interest in the outcome of this case, and I have no bias or prejudice in this case. There is no basis for recusal; therefore, the motion to re-cuse is denied.